THE MASCOTTE.

CARTER *et al. v.* THE MASCOTTE. (No. 1.)

(*Circuit Court of Appeals, Second Circuit.* July 20, 1892.)

No. 76.

SHIPPING—DAMAGE TO GOODS—BURDEN OF PROOF—BILL OF LADING.
Where a ship gives a bill of lading reciting that the goods were received on board "in good order and condition," and afterwards delivers them in a damaged condition, the burden is on her to show that the damage arose from an excepted peril; and, if she is unable to explain the cause of the damage, she is liable. 48 Fed. Rep. 119, affirmed in part.

Appeal from the District Court of the United States for the Southern District of New York.

In Admiralty. Libel by Carter and others against the steamship Mascotte for damage to cargo. The cause was tried, together with another suit between the same parties, to recover the extra cost caused by discharging certain tea in Brooklyn instead of within the "tea district," on the New York side of the East river. Decree for libelants. 48 Fed. Rep. 119. Claimants of the vessel appeal. Affirmed.

The opinion below, in so far as it concerns this suit, was as follows:

"As respects the claim for damage to tea caused by oil, the bill of lading, as well as the master's testimony, shows that the chests were received on board in good condition. Some of the chests on delivery were, beyond doubt, oil-stained and defaced. All that the claimants can do to exonerate the ship has doubtless been done; but, after all, the evidence shows nothing more than that they cannot explain how the stains and defacing occurred. It negatives certain causes that might, under some circumstances, have produced the damage; but this is not, I think, sufficient to release the ship from her legal obligation. The ship has possession and control of the goods from the time they are delivered into her custody. If the goods were received in good condition, as this bill of lading shows they were, she warrants their delivery in like condition, unless damaged through the act of God, public enemies, the dangers of the seas, or through some other excepted cause. *Liverpool & G. W. Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 397, 437, 9 Sup. Ct. Rep. 469. The burden of showing that the damage arose from such an excepted cause is upon the ship. *Nelson* v. *Woodruff*, 1 Black, 156. As the Mascotte's evidence does not show this, but merely leaves the damage unexplained, I must therefore hold the ship liable for this item."

*Convers & Kirlin*, (*J. Parker Kirlin*, of counsel,) for appellants.

*Edward L. Owen*, for appellees.

Before WALLACE and LACOMBE, Circuit Judges, and SHIPMAN, District Judge.

WALLACE, Circuit Judge. We agree with the learned district judge who decided this cause in the court below, that the libelants have a sufficient case for the recovery of their damages, by reason of nondelivery of their cargo in good order and condition. The burden of proof is on the steamship to overcome the effect of the acknowledgment in the bill of lading of the reception of the goods on board "in good order and condition," and the evidence introduced on her behalf is not sufficient to overcome the effect of this recital. The decree is affirmed.