## THE HINDOUSTAN.

### STARACE v. COMPAGNIE NATIONALE DE NAVIGATION.

(Circuit Court of Appeals, Second Circuit. April 16, 1895.)

SHIPPING—DAMAGE TO GOODS—EXCEPTIONS IN BILL OF LADING.

Under a bill of lading containing exceptions of "deterioration of fresh fruits or vegetables, * * * moisture by fresh or salt water, condensation, * * * decay of every kind or vice propre," the burden of proof is upon the shipper to show that deterioration in a shipment of garlic might have been avoided by the exercise of reasonable skill and attention on the part of the ship.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by Achille Starace against the steamship Hindoustan (the Compagnie Nationale de Navigation, claimant) to recover damages for deterioration and decay of four shipments of garlic brought from Naples, and consigned to the libelant. The district court dismissed the libel, and the libelant appeals.

The opinion filed by BROWN, District Judge, in the court below was as follows:

Under the bills of lading the burden of proof is upon the libelant to show negligence in the carrier; since the damage was by an excepted peril; negligence in this case could only be the omission of the customary ventilation for garlic in passenger ships. The proof does not show such omission, but the presence of the usual and sufficient ventilation for properly cured garlic.

The defendants had no notice that any ventilation beyond the usual and customary was needed. The testimony that the garlic was thoroughly cured when shipped is not persuasive, because the outward appearance was not a sufficient test. I think the decay arose from the early crop not thoroughly dried, and that the ventilation was sufficient for well cured garlic, and all that is usual for such ships and all she was bound to provide.

Libel dismissed.

The matters in issue will appear from the following statement, contained in the brief for the appellant:

The libel was filed to recover $1,582.89 for damage to four shipments of garlic made on June 14, 1892, by four different persons, at Naples, Italy, on the steamship Hindoustan, then bound for New York, and which were on the 6th day of July, 1892, delivered at New York to the libelant, the consignee thereof, in a damaged condition. These four shipments of garlic, consisting together of 422 hampers, were stowed in the lower hold No. 3 of the steamship, and the hatchway leading into that hold was closed, the cracks caulked, and the hatch covered with a tarpaulin. The hatch was not opened during the voyage. The garlic, when shipped, was in good order and condition, having been properly dried and packed, but the greater portion of the garlic when delivered at New York was decayed, and this damage was caused by heating and sweating on account of insufficient ventilation. The hatch having been closed, the only means of ventilation of the hold in which the garlic was stowed were four iron pipes, leading from the bottom of the hold, two to the between decks, and two to the upper or spar deck. The two pipes leading to the between decks were undoubtedly closed, as was the hatch, to prevent a supposed annoyance by the odor of the garlic to the passengers who were located in the between decks. As there was no opening in the deck by which air could escape, no air could pass down the two ventilators from the spar deck, through which it was designed that air should pass to the bottom of the hold, and there was consequently no ventilation whatever. The weather during the voyage permitted the opening of this hatch sufficiently often to have afforded ventilation enough to have preserved the garlic. If the garlic had been stowed in some other part of the ship, where proper ventilation could have been had, it would not have decayed. It is evident that those in charge of the ship could have prevented the damage to the garlic by affording it proper ventilation, either by opening the hatch occasionally during the voyage, or by stowing it where there was sufficient ventilation. The libelant claims that the failure to afford sufficient ventilation was negligence, and that the steamship is consequently liable for the damage, notwithstanding the bills of lading contained a clause exempting the steamship from liability by reason of decay, for the decay could have been prevented by the exercise of due diligence on the part of those in charge of the steamship. On behalf of the steamship, it is claimed that the garlic was not sufficiently dried when shipped; that it was stowed in the customary way and place; that it had the usual ventilation; and that the damage was due to inherent defects or vice propre, and not to the negligence of those in charge of the steamship; and that, consequently, the steamship and the claimant are exempted from liability therefor, under provisions of the bills of lading.

George H. Balkan, for appellant.

C. C. Burlingham, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The bills of lading contained the express condition that the carrier should not be liable for "deterioration of fresh fruits or vegetables, * * * moisture by fresh or salt water, condensation, * * * decay of every kind or vice propre." The burden of proof, therefore, was upon the libelant to show that the deterioration or decay might have been avoided by the exercise

of reasonable skill and attention on the part of the steamship. He contended that there had been insufficient ventilation, but we concur in the finding of the district judge that he has failed to show by a fair preponderance of proof that the garlic was not given such ventilation as is usual and ordinarily sufficient on vessels of this character. There is no direct proof that the ventilating pipes which led into the between decks were obstructed, and, in the absence of proof, we cannot infer that such was the fact, merely from the circumstance that the hatch in the between decks was closed and caulked.

The decree of the district court is affirmed, with costs.