## THE FLINTSHIRE.

### ULLMANN et al. v. THE FLINTSHIRE.

(District Court, S. D. New York. July 22, 1895.)

SHIPPING—DAMAGE TO CARGO BY SWEATING—EXCEPTED PERILS—BURDEN OF PROOF.

Where damage by sweating is expressly excepted in the bill of lading, the shipper, in order to recover for damage due to that cause, has the bur-

den of proof to show that the carrier was negligent, in that he failed to take all the usual precautions to prevent sweating.

This was a libel by Joseph Ullmann and others against the steamship Flintshire to recover damage to a consignment of dogskins on a voyage from China to New York.

George A. Black, for libelants.

Convers & Kirlin, for claimant.

BROWN, District Judge. The circumstances proved show that the fractured scupper pipe in the 'tween decks had nothing to do with the damage to the dogskins. The damage, I find, arose from sweating of the cargo. This was a peril expressly excepted in the bill of lading. The contract, therefore, was not that there should be no damage from sweat; and the carrier's duty in that regard was only to take all usual precautions against that liability to damage, and such as might be reasonably foreseen to be necessary. The evidence shows that such precautions were taken. The burden of proof to show negligence in that respect is on the libelants. They have not shown it. No witness has even been called to testify that the cargo ought to have been differently stowed, or differently dunnaged, or more dunnaged; the port warden's report approves it; and no defects of the ship connected with the damage are shown.

The libelants' main contention in their three briefs has been that the damage was from the scupper pipe, and not by sweat at all. Their contention in effect is, that in fact no further precautions against sweat were necessary, since there was no sweat damage; but if it was sweat damage, which they do not believe, then more precautions were necessary. That is mere claim from the event, but without proving negligence before the event.

The warden's report does not seem to refer to the libelants' dogskins, which were in the hold. The marks are not given. As he was not called as a witness, his report of sea-water damage, as respects these dogskins, would be of little weight as against the opposite proofs, even if the report referred to these skins. Libel dismissed with costs.