<hr/>

## THE LENNOX.

(District Court, S. D. New York. November 12, 1898.)

BILL OF LADING—EXCEPTION OF BREAKAGE—FIRECRACKERS — BURDEN OF PROOF.

On landing a consignment of 500 packages of firecrackers from Hong Kong, most of the boxes containing the firecrackers inside of the packages were more or less broken. The bill of lading excepted "insufficiency of packages, wear and tear and breakage." Upon proof by the vessel of good stowage, no shifting of cargo and careful handling, and no definite cause of the injury appearing, but the boxes being frail in appearance, with the tops and sides where the breakage occurred much thinner than the ends and bottom: *held* (1) that the damage came within the exception of breakage; (2) that under this exception the shipper took the risk of breakage from whatever cause, unless the ship's negligence was shown by affirmative proof to have caused the damage; no such proof appearing, the libel was dismissed.

This was a libel in rem by Edgar J. Hesslein and others against the steamship Lennox, to recover for damage to cargo.

Cowen, Wing, Putnam & Burlingham, for libelants.

Convers & Kirlin, for claimant.

BROWN, District Judge. The above libel was filed to recover the alleged damages of $1,500 to a consignment of 500 packages of firecrackers, shipped at Hong Kong, in September, 1897, and delivered at New York in the following November. Each package consisted of 8 boxes of firecrackers, which were put up together and inclosed in a cover of matting. Each box contained 36 bunches of small firecrackers. The damage consisted wholly in the breakage of the boxes. The bunches of crackers within the boxes were not injured or even stained. Such articles, however, are not in merchantable condition, except in boxes. The bill of lading exempted the vessel from liability among other things for "insufficient packing, reasonable wear and tear of packages, leakage, breakage," etc. The boxes were of wood and frail in texture, the top being very thin and the two sides thinner than the bottom or ends. The breakage was mostly of the top or of the sides of the boxes. The libel charges that the breakage of the boxes arose through the "negligence of the steamship and their failure in proper loading, stowage, custody, care and proper delivery thereof"; and that "through the negligence of the steamship the boxes with the matting covers were so badly broken that the merchandise was unfit for re-export and could not be put in proper ship-

ping order." The answer sets up the above exceptions in the bill of lading, and denies any negligence on the part of the ship.

There is abundant proof on the part of the ship of good stowage, proper loading and discharge, and careful handling; that the ship met some stormy weather upon the voyage and several gales, with considerable rolling and pitching; but in this regard the voyage was not extraordinary. The result of all the evidence is that there is no proof as to the precise cause of the breaking of the boxes. The first officer who had had considerable experience in transporting such goods says that these boxes were considerably lighter than usual. Mr. Armstrong, a witness called by the libelants says the boxes were of the usual description. As no test, however, was applied by the latter witness as regards the comparative strength of these boxes and others, I must assume that his testimony was based upon the general appearance of the boxes, rather than from any test of their quality and strength.

Where a loss arises from one of the excepted perils, the ship is prima facie excused, and she can only be held liable upon affirmative proof that some negligence on her part was the efficient cause of the loss. Clark v. Barnwell, 12 How. 272; The Pereire, 8 Ben. 301, 303, Fed. Cas. No. 10,979; The Invincible, 1 Low. 225, Fed. Cas. No. 7,055; The Hindoustan, 14 C. C. A. 650, 67 Fed. 794; The America, 59 Fed. 737; The Flintshire, 69 Fed. 471. In such cases, therefore, the ship stands discharged, unless there is a preponderance of proof convicting her of negligence. If the cause of the injury is left in doubt, the ship stands excused for the reason that by virtue of the exceptions in the bill of lading the shipper in effect contracts that he will himself stand the risk of any loss arising from the cause named. In the present case the shipper in effect contracted that he would stand the risk of injury to the goods from insufficiency of packages, from ordinary wear and tear, or from breakage. Taking all the circumstances into account, the frail appearance of the boxes themselves and the kind and places of the breakage; the fact that the breakage was very general and not confined to a few packages; the absence of any indications of neglect on the part of the ship, and the testimony to the contrary, the probability appears to me to be strong that the real cause of the loss was that the boxes were of inferior material and unfit for the voyage, or that the sides and top were too thin. Inequality in the strength of cases apparently similar is quite possible, as was proved in the case of Linklater v. Howell, 88 Fed. 527. But whether this surmise is correct or not, there is nothing that amounts to affirmative proof of negligence by the ship, and the ship therefore stands excused, because the risk of injury by breakage was assumed by the shipper, and it has not been proved to have arisen through the ship's fault.

Conversely, where the loss is not by an excepted peril, the carrier takes the risk of explaining the cause of the damage and of proving it to be a sea peril. It is insufficient for him to negative certain causes of loss; if on the whole the damage is unexplained, the ship in such case remains liable, because she has taken that risk. The Mascotte, 48 Fed. 119, affirmed 2 C. C. A. 399, 51 Fed. 605. In the converse

situation, as in this case, the shipper having assumed the risk of the excepted causes, the same rule must be applied to him.

The libelants contend that the case does not fall within the exception of "breakage"; but that if the defendant's contention is correct, the cause of injury would be "insufficiency of packages," under which the burden of proof would rest upon the defendant. I do not think it necessary to consider the latter part of this contention, as I think the case falls properly within the exception of breakage. It is not essential to prove that the bunches of firecrackers were themselves broken. If that was the test of liability the proof would show that there was no damage at all, and hence no cause of action, since the bunches of crackers were not injured. It is only because the packages as a whole, and the boxes in the packages, were so broken that they could not be re-conditioned, and made marketable in the usual markets, that damages are sustained. The complaint itself specifically charges the breaking of the boxes within the matting covers, through the ship's negligence, as the cause of action. It is this breakage of the boxes that makes the packages unmarketable. The bill of lading does not treat the goods as bunches of firecrackers; the goods are shipped as 500 packages, and the damage consists in the injury to the packages as such, namely, by more or less breaking of the matting, and of the boxes within, the former of which could be mostly re-conditioned, but not the latter. The boxes are an essential part of the merchantable condition both of the packages and of the crackers; and I can have no doubt that breakage of the boxes is within the exception. It not being shown that the breakage arose through the negligence of the ship, the libel must be dismissed.