DOHERR v. HOUSTON et al.

(Circuit Court of Appeals, Second Circuit. March 9, 1904.)

No. 115.

1. SHIPPING—BILL OF LADING—PACKAGES—INSUFFICIENT PROTECTION—BURDEN OF PROOF.

Where a bill of lading for packages of firecrackers contained the usual printed clause exempting the carrier from liability for breakage, or for loss or damage arising from the nature of the goods or insufficiency of the packages, and also contained a stipulation signed by the shipper to the effect that the steamer was not accountable for chafage or breakage to insufficiently protected property, and that the packages were frail, on proof of breakage of the packages the carrier, relying on such indorsement for exemption, had the burden of proof to establish that the damage was due to insufficient protection.

2. SAME—EVIDENCE.

In an action against a ship for injuries to a cargo of firecrackers, alleged to have been caused by defective stowage, evidence *held* insufficient to establish that the damage was the result of insufficient or defective coverings on the packages.

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 123 Fed. 334.

This cause comes here on appeal from a decree of the United States District Court for the Southern District of New York in favor of libelant for $351.60 damages and costs, by reason of breakage of certain packages of firecrackers shipped by libelant on respondents' steamer Hilarius at New York, and delivered at Buenos Ayres.

F. M. Brown, for appellants.

Clarence R. Freeman, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. The shipment in question comprised 300 packages of firecrackers, each package containing 8 wooden boxes, each wooden box holding 40 packs of firecrackers. The boxes were made of quarter-inch lumber, nailed together, and each box was covered with oiled paper. The 8 boxes, covered with matting and bound together with rattan, constituted a package weighing about 50 pounds. There were other packages of firecrackers on board, belonging to other shippers. Upon arrival at destination a considerable number of libelant's packages were found to be broken, and their contents damaged. The court below found that the damage was due to negligent stowage.

¶ 1. See Shipping, vol. 44, Cent. Dig. § 481.

The bill of lading contained the usual printed clause exempting the carrier from liability for "breakage," or for "loss or damage arising from the nature of the goods or insufficiency of packages." The bill of lading was indorsed in writing as follows: "Steamer not accountable for chafage or breakage to insufficiently protected property. Packages, firecrackers frail. Doherr, Grimm & Co." The effect of said general printed provisions upon the respective rights and obligations of the parties was considered in a similar case by Judge Brown, in The Lennox, 90 Fed. 308. The case at bar, however, differs from The Lennox in some of its facts, and in having said special written contract indorsed on the bill of lading, by which the libelant agreed that, as the packages were frail, the steamer should not be accountable for breakage, provided they were insufficiently protected. Upon proof of breakage, the steamer, relying on said proviso for exemption from liability, has the burden of proof to establish that the damage was due to insufficient protection. The question presented, therefore, upon this appeal, is whether the respondents have sustained this burden.

Nordlinger, who sold the firecrackers to libelant, testified that the goods were properly packed for transportation by sea, and that none of the packages were broken on the trip from Hong Kong to New York. The master of the Hilarius testified that the packages, on arrival at Buenos Ayres, looked as though they had subsided from their own weight; that "they were not the usual standing of cases to carry goods on board of a ship"; that "we generally have them in stouter cases"; that the cause of damage was "that the cases were frail, and that the ship had encountered boisterous weather, more or less, down through the southeast trades." But on cross-examination, in answer to the question whether he had "ever carried firecrackers before in your experience," he said: "I have carried fireworks, but never mentioned as firecrackers, except that." The cartman who carried part of the packages to the steamer, and assisted in unloading all of them, testified that the packages were not frail, and that they were delivered in good condition. The stevedore who had charge of the loading of the cargo testified that all of the packages were piled in one pile on the dock, and that a few of them broke from their own weight, but that they were fixed up so as to be as good as any other packages, and were all right when stowed. It does not appear whether the packages which broke were, or were not, part of libelant's shipment. The sworn declaration of Pinchetti, who was in charge of the discharge of the Hilarius at Buenos Ayres, contained a statement that 45 bundles of the shipment in question "turned out with the covering, which was of matting, broken; and, in my opinion, this breakage had been caused through the inferiority of the covering, compared with that of the other lots." The appraisers appointed by libelant reported that the general aspect of the crushed packages indicated that the damage was caused by negligent stowage. It appears from the whole evidence that the packages were of the same character as those ordinarily used for shipping firecrackers. The testimony of the master of the Hilarius shows that he was referring to fireworks, which are packed in strong wooden boxes, and that he knew nothing about how packages of firecrackers are usually packed. But even if his testimony were com-

patent, it only serves to show that he considered the causes of damage to be that the cases were frail (a condition assented to and provided for in the bill of lading), and that the weather was boisterous (a claim which the court below properly found was unsupported by the evidence). In view of this evidence, and of the further evidence on which the court below found negligent stowage, we conclude that the respondents have failed to support the burden assumed by their special contract, of showing that the damage was due to insufficient protection of the packages.

The decree is affirmed, with interest and costs.