## STILES v. MUNSON S. S. LINES.
### THE MUNARGO.
### No. 9282.

District Court, E. D. New York.
Jan. 31, 1930.

Harry D. Thirkield, of New York City, for libelant.

Rumsey & Morgan, of New York City, for claimant-respondent.

CAMPBELL, District Judge.

On or about February 1, 1926, at the port of Nassau, libelant and the claimant and respondent herein, in consideration of an agreed sum paid by the libelant, entered into an agreement in writing for the carriage of the libelant and his wife from Nassau, on the steamship Munargo, sailing on February 1, 1926, upon all the terms and conditions set forth in the passage ticket which constituted the contract between the parties.

The following is one of the clauses of said contract:

"1. It is hereby agreed between the shipowner and the holder of this contract that neither the shipowner nor the passage broker or agent, nor the ship, is responsible for loss of or injury to the passenger or his luggage or personal effects, or delay on the voyage arising from latent defects in the vessel, machinery or fittings, or from the act of God, or perils of the sea or rivers, fire, barratry or negligence in navigation of the vessel or of any other vessel, nor for loss or injury to the luggage or personal effects of the passenger for any cause or in any case for or in which the shipowner or the ship would not be liable for cargo under the usual Bill of Lading used by the shipowner upon voyages on the same route."

The libelant with his wife boarded the steamship Munargo at Nassau, and occupied room 38 thereon, which was located on the lower promenade deck slightly aft of amidships, on the port side of the ship.

The lower promenade deck was about 20 feet above the water line, and the stateroom in question was set back from the side of the ship about 10 feet, the width of the promenade deck.

There was a window of heavy glass protected by a lattice screen on the side of the stateroom in question, adjoining the promenade deck.

The window had been opened and shut by the libelant and his wife while on the voyage from time to time before the time of its breaking, and no defect was observed in it, and they had had no trouble with the window.

It is true that Capt. Clark, who was chief officer at that time, on deposition testified that they always break half a dozen glasses in the staterooms if there is any kind of sea at all, but he did not say that windows on the promenade deck amidships had been broken; whereas Port Captain Benson testified on the trial that in seventeen years' experience at sea, having been a deck officer for seventeen years, and including his service on the United Fruit Company's ship Turribala, a slightly smaller vessel than the Munargo, he had seen glass broken on the deck below the main deck in heavy weather off Hatteras, but had never seen a window broken by the sea on the promenade deck amidships.

The respondent and claimant had exercised due diligence to make the steamship Munargo in all respects seaworthy.

On the voyage the steamship Munargo encountered heavy weather, which increased to a gale from the west.

She was a vessel of 12,000 tons displacement, 6,848 tons gross, 432 feet long, and 58 feet beam.

On the evening of February 3, 1926, at 10:20 p. m., the steamship Munargo, because of the wind and sea, reduced her speed to 75 revolutions, and at 10:44 p. m. her speed was further reduced to 66 revolutions.

Early in the morning of February 4, 1926, while off Cape Hatteras, the wind blew a moderate gale with a rough quartering sea, which made the steamship Munargo ship water over all decks and hatches, and at about 3 or 4 o'clock on that morning a heavy sea boarded the Munargo amidships, swept across the promenade deck, and smashed the window and lattice of stateroom No. 38, which was occupied by the libelant and his wife, wetting them and damaging some of their baggage which they had in the stateroom.

After that, they were given other accommodations of the same character, and their baggage was removed to it.

The damages for which complaint is made by the libelant herein were caused by a peril of the sea, and no recovery can be had by libelant against the claimant and respondent without showing negligence on their part. The Thessaloniki (C. C. A.) 267 F. 67; certiorari denied, 254 U. S. 649, 41 S. Ct. 63, 65 L. Ed. 457; Globe & Rutgers Fire Ins. Co. v. Winter Garden Co. (C. C. A.) 9 F.(2d) 227.

The burden of proving negligence rests upon the libelant. The Bencleugh (C. C. A.) 10 F.(2d) 49; The Hindoustan (C. C. A.) 67 F. 794; The Munargo (D. C.) 33 F.(2d) 329, 330.

No negligence has been shown.

A decree may be entered in favor of the respondent and the Munargo, dismissing the libel, with costs.