## RIO GRANDE & E. P. RY. CO. v. T. A. AUSTIN & CO. (No. 8108.)

Court of Civil Appeals of Texas. San Antonio. Dec. 19, 1928.

Rehearing Denied Jan. 23, 1929.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, and Yale Hicks, of Laredo, for appellant.

Robert G. Harris, of San Antonio, for appellee.

SMITH, J. This suit is one for damages for injury to a carload of mustard greens shipped by appellee from a point in Webb county, Tex., to St. Louis, Mo., over the lines of appellant, as the initial carrier, and other carriers. It is claimed by appellee that the greens were received by appellant in good condition, and delivered by the final carrier

at destination in a deteriorated condition, and this claim was upheld by a jury upon sufficient evidence. The shipment arrived at destination on February 19, 1928, too late for sale upon the market of that date, and was held over and sold in 57 different lots, as purchasers could be found, on February 21, 22, 23, and 24. Upon jury findings the trial court rendered judgment in favor of appellee for the difference between the market value of the greens in the condition they were when delivered to the carrier at the point of origin, and the price at which they sold, which represented their market value in the condition they were in at the time and place of sale.

■ The most serious question presented in the appeal is that of the measure of damages applicable. The true ordinary measure of damages in such cases is the difference between the market value of the product at the time and in the condition in which it would have arrived upon the market, if received, transported, and delivered by the carrier with ordinary care and diligence, and its market value at the time and in the condition in which it is actually delivered at destination. The carrier would not be liable for damage for deterioration, if any, of the condition of the product prior to tender to the carrier for transportation, nor after its delivery by the carrier to the consignee. If the product is delayed or suffers injury by reason of the carrier's negligence in transporting it, the damages recoverable are measured by the market value of the product at the time and in the condition it is when and if sold upon the first market available after it is tendered or delivered to the consignee. These are general rules, subject to exceptions created by peculiar facts.

■■ In this case there was no affirmative showing of negligence upon the part of the carrier, but it is nevertheless liable under its liability as an insurer of a product transported by it but not accompanied by the owner of the shipment or any one representing him. The cause of the injury found to have been sustained by the shipment was chargeable to facts peculiarly within the knowledge of the carrier's agents, and the burden therefore rested upon the carrier to show these facts and free itself of culpability. The jury found that the injury did not result from any fault of the shipper or from the inherent nature of the product shipped, and this finding established the liability of the carrier. These rules are too well settled to require argument or the citation of authorities.

These conclusions dispose of the appeal, except for questions relating to the admission of evidence, and criticism of the court's charge in one or two of its aspects.

■■ The court directed the jury to find damages in the amount of the difference between the market value of the product shipped in the condition it was in upon arrival at destination, and its market value had it arrived there in the same condition it was in when delivered to the carrier at the point of origin. Appellant complains that by this charge the court required the jury to find damages accruing by reason of natural deterioration in the condition of the product from the time it was gathered until it was delivered at destination. This contention is without merit, in the absence of a showing that the product actually and materially deteriorated in condition during the period mentioned. There was no proof of such deterioration, and we cannot judicially know that such was the fact. Appellant contends in this connection that there was no proof of the market value of the product on February 19, the day it arrived at destination, and the day fixed by the court for the purpose of measuring the damages. We overrule this contention, for the testimony of the market value at destination warrants the inference that it was the same on the day of arrival as it was on the succeeding days during which it was being sold.

■ Under its tenth, eleventh, and twelfth points of law, appellant complains of the admission of the testimony of one of its witnesses, on cross-examination, that the car in which it transported the shipment involved was not equipped with certain devices recommended by federal officials having to do with such matters. Without passing upon the question of the admissibility of the testimony, we hold that its admission was immaterial and could not have prejudiced any right of appellant in the case. This is particularly true in view of the controlling findings of the jury that the shipment was in good condition when received by the carrier and in bad condition when delivered by the carrier at destination, and that the deterioration was not due to the inherent nature of the product or to its condition when received by the carrier.

We conclude that no material error is presented in the appeal, and the judgment is therefore affirmed.