COMPANIA NAVIERA MEXICANA, S. A., et al. v. SPORL.

(Circuit Court of Appeals, Fifth Circuit. February 20, 1926.)

No. 4486.

Shipping ⬅︎132(4)—Burden was on carrier to show that damage to cargo was occasioned by peril for which it was not responsible.

Carrier had burden of showing that damage to grain from sea water leaking through port door was occasioned by peril for which it was not responsible.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Benjamin C. Dawkins, Judge.

Libel by Cyprian A. Sporl against the steamship Jalisco. The Compania Naviera Mexicana, S. A., claimant of said steamship, gave a release bond. From an adverse judgment thereon for libelant, said respondents appeal. Affirmed.

Henry Mooney and John C. Foster, both of New Orleans, La., for appellants.

Geo. H. Terriberry and Jos. M. Rault, both of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellee libeled the steamship Jalisco for damage to wheat and corn carried by it from New Orleans to Tampico, Mexico, such damage having resulted from sea water leaking through a port door of the vessel. The claim was resisted on the ground that the defect in the port door which resulted in the leakage was caused by a grounding of the vessel, through no fault of its officers or crew, in a canal between Orange and Beaumont, to which ports the vessel went after leaving New Orleans.

There was evidence in sharp conflict with that relied on to prove the alleged grounding and that the defect in the port door was caused thereby. A phase of the evidence tended to prove that such defect existed prior to the beginning of the voyage, and was discoverable by the exercise of due diligence. The burden was on the carrier to show that the damage was occasioned by a peril for which it was not responsible. The Folmina, 29 S. Ct. 363, 212 U. S. 354, 53 L. Ed. 546, 15 Ann. Cas. 748. The record does not show that that burden was sustained. It has not been made to appear that the court's conclusion was not in accordance with a preponderance of the evidence.

The decree is affirmed.