## THE OLDER.

District Court, W. D. New York.   July 2, 1929.
Addendum, July 8, 1929.

Harry J. Kelly, of Buffalo, N. Y., and Single & Single, of New York City, for libelant.

Kenefick, Cooke, Mitchell & Bass, all of Buffalo, N. Y., and Haight, Smith, Griffin & Deming, of New York City (Porter R. Chandler, of Buffalo, N. Y., of counsel), for defendant and claimant.

HAZEL, District Judge. ▌ The steamship Older was chartered by libelant to transport a cargo of sugar from a port in Cuba to Toronto, Ontario. The charter party contains the usual provision of seaworthiness of the vessel, together with a guarantee that she could proceed through the required rivers and canals to reach Toronto with her cargo; while the bills of lading were subject to the provisions of the charter, and were signed by the master of the ship. In pursuance of the contract, the cargo of sugar was stowed in spaces in the hold. When the steamship reached Lachine Canal, she tied up and awaited instructions to continue to her destination. While moored, a fire started in holds 1 and 2, where portions of the sugar were stowed, and generally a breach of the affreightment is alleged, resulting in damage. Libelant pleads that it was bailee of the merchandise aboard and lawfully in possession thereof. The exception to the libel is specifically that the allegation is insufficient in that no facts are set out tending to show that libelant is the real party in interest, either by payment of the loss sustained or subrogation to the rights of the owner of the cargo, or third party.

This contention, however, is not maintainable on the authority of Pendleton v. Benner Line, 246 U. S. 353, 38 S. Ct. 330, 62 L. Ed. 770. In that case the libel was not widely apart from the instant case. It was brought by a bailee of the damaged cargo, and the damage had not been paid by the steamship to the cargo owner, but was paid by the insurance company at whose request the bailee instituted the proceeding. The Supreme Court ruled that, since the charterer was a common carrier and transporter of the merchandise, and had contracted to be answerable for safe transportation, it would be liable to the insurance company upon subrogation to the owner's rights; and also that the charterer was within its rights to recover damages upon the contract of carriage, since its liability over was determined by contract as was expected. It is therefore apparent that the basis of a bailee's right to proceed inures from the liability over to the cargo owner or third party, and failure to allege payment or subrogation was not essential to the right of enforcement.

Accordingly, it is ruled that it is enough that the charterer was bailee, and as such had an interest in the cargo which was dependent neither upon payment nor subrogation to the rights of shipper, consignee, or insurance company as a condition precedent to right of action. Of course at the hearing liability must be shown before there can be a recovery. The exceptions both to the libel and the interrogatories are overruled.

### Addendum.

▌ It seems to me that the facts desired by claimant can be ascertained by interrogatories. The practice to resort to interrogatories for amplification of a libel is secured to the steamship by General Admiralty Rules 1920, Rule 31 (28 USCA § 723), and seems to be the approved method of procedure rather than exception to a libel that sets forth the right of action in general terms. Benedict on Admiralty, § 340 and c. c.; Erie & W. Transportation Co. v. Great Lakes Towing Co. (D. C.) 184 F. 350.

Motion for rehearing denied.