**PADWAY v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA et al.**

No. 306.

District Court, E. D. Wisconsin.

Jan. 21, 1942.

Padway, Goldberg & Tarrell, of Milwaukee, Wis. (H. S. Winnecour, of Milwaukee, Wis., of counsel), for plaintiff.

Lamfrom, Tighe, Engelhard & Peck, of Milwaukee, Wis., for defendants.

STONE, District Judge.

The defendants have moved for a summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the basis of material facts admitted by plaintiff.

Plaintiff contends that on July 22, 1936, he was the holder of two non-cancellable income policies, referred to herein as "non-can" policies, which had been issued to him by the defendant, the Pacific Mutual Life Insurance Company of California, referred to herein as the "Old Company"; that the policies insured plaintiff against disability resulting from accident or sickness while the policies were in force; that on or about July 22, 1936, he was advised by the Old Company that it had assigned all its assets to the defendant, Pacific Mutual Life Insurance Company, referred to herein as the "New Company", and that it had assumed all the liabilities and policies of the Old Company; that thereafter the New Company refused to continue the said policies in effect except on a reduced indemnity basis at the same premiums; that the New Company is in possession and control of all the property and assets of the Old Company; that the assignment was made to bring about the cancellation or alteration of the "non-can" policies issued by the Old Company; that the "non-can" policy holders were discriminated against by reason of the assignment; that plaintiff at no time consented to the cancellation or alteration of said policies and that the New Company, by accepting and receiving all the assets of the Old Company, aided the Old Company to breach its policies of insurance with the plaintiff, and that by reason thereof, the plaintiff sustained damage in the amount of $15,000.

The answers of the defendants deny and qualify various allegations in the complaint. Defendants specifically deny the allegation that the New Company received all the assets of the Old Company and assumed all the liabilities or policies of the Old Company. They specifically deny that there was any discrimination against the "non-can" policy holders or plaintiffs; or that the New Company aided the Old Company in breaching the policies of insurance issued to the plaintiff by the Old Company.

The answers further allege, among other things, that certain proceedings were instituted against the Old Company in the Superior Court of the State of California for the County of Los Angeles by the Insurance

Commissioner of that State, pursuant to the Insurance Code of California; that the acts complained of by the plaintiff were performed pursuant to the orders of said Superior Court in said proceedings and by the authority and direction of said court. The answers further allege that the plaintiff was represented in said proceedings by class representation as established by the Insurance Code of California, St.Cal.1935, p. 496, and the orders of said Superior Court, and that therefore full faith and credit must be given to said proceedings in said Superior Court of California and the acts performed with conformity therewith, as provided by Article Four, Section One, of the Federal Constitution.

Attached to the answers as exhibits are copies of petitions, orders and other documents filed and entered in said proceeding in the California Court.

After serving and filing their answers, defendants, on July 20, 1940, pursuant to Rule 36 of the Rules of Civil Procedure for the District Courts of the United States, served a Request for Admission on plaintiff's attorneys, which Request for Admission is on file in this action and sets forth material facts relied upon by defendants in support of the defenses interposed by them in their respective answers. It appears that no reply to said Request for Admission was received by defendants or their attorneys. Accordingly under Rule 36 of the Federal Rules of Civil Procedure, the matters set forth in said Request for Admission are deemed to be admitted by the plaintiff.

The material facts conceded by the pleadings or established under the Request for Admission are substantially as follows:

1. That this action is instituted against two companies, viz., the Pacific Mutual Life Insurance Company of California (the Old Company), and Pacific Mutual Life Insurance Company (the New Company). Both defendants are corporations organized and existing under and by virtue of the laws of the State of California;

2. That this action is based upon two "non-can" policies issued by the Old Company as follows:

(a) Policy No. 4610787 issued November 29, 1920; premium of $50 payable on November 29th of each year; indemnity— $250 per month after three months; and said policy provided that until the insured becomes 66 years of age he shall have the right to renew the said policy from year to year by the annual payment of the premium specified.

(b) Policy No. 4639191 issued May 3, 1923; premium of $58.25 annually on May 3, of each year; indemnity—$250 per month after three months; and said policy provided that until the insured becomes 60 years of age he shall have the right to renew the said policy from year to year by the annual payment of the premium specified.

3. That the Old Company was chartered under the laws of the State of California in 1868, and was engaged in the insurance business since that year and up to July 22, 1936. At the end of 1935 the Old Company had life insurance in force in excess of $600,000,000. Beginning in about 1918 the Old Company started issuing "non-can" policies (the type which is the subject matter of this action).

4. That at the end of 1935 the Old Company was licensed to carry on its business in 42 states of the Union and in the District of Columbia. It had approximately 300,000 policy holders including over 200,000 life policies. Its total assets were in excess of $200,000,000.

5. That during the four months preceding July 22, 1936, the Insurance Commissioner of California was engaged in an examination of the Old Company. The Insurance Commissioners of various other states participated in said examination and concurred in all the findings made by the Insurance Commissioner of California.

6. That as a result of said examination, the Insurance Commissioner of California determined that, while the life and general health and accident business of the Old Company was in sound condition, there was an "over-all" deficit in reserves due to the unprofitable nature of the outstanding "non-can" policies, with the result that the Old Company was insolvent within the meaning of the Insurance Code of California.

7. That having determined that the Old Company was insolvent within the meaning of the California Insurance Code, the said Insurance Commissioner duly filed on July 22, 1936, in the Superior Court for the County of Los Angeles, an application for an order appointing him Conservator of the Old Company. A copy of said application, verified by the said Insurance Commissioner, is appended to the answers as Exhibit A.

8. That pursuant to said application and the requirements of the California statutes, the said Superior Court of Los Angeles County, on July 22, 1936, issued its order appointing the said Insurance Commissioner Conservator, and vesting in him all of the assets of the Old Company. A copy of said Order is appended to the answers as Exhibit B.

That the said Superior Court of Los Angeles County, California, by its order of August 11, 1936 (see Exhibit C), found: (a) "that respondent corporation (the Old Company) is in such condition that its further transaction of business will be hazardous to its policyholders, its creditors and to the public;" (b) "that the respondent corporation (the Old Company) is insolvent within the meaning * * * of the Insurance Code of the State of California;" (c) that its "hazardous and insolvent condition is principally caused, among other things, by reason of the fact respondent corporation (the Old Company) has for a considerable number of years last past issued a large number of non-cancellable accident and health policies at a premium rate which was and is now entirely inadequate to maintain the reserves required by law to mature said policy obligations."

In said order of August 11, 1936, said Superior Court also ratified, approved and confirmed the order of July 22, 1936, issued by Judge Edmonds (Exhibit A); appointed the said Insurance Commissioner Conservator of the old corporation and ordered him to take possession forthwith of the assets of the old corporation, wheresoever situated, and operate its affairs as a going business; and provided that: "all creditors * * *, all claimants against said respondent corporation (the Old Company) and all other persons be and they hereby are enjoined and restrained * * * from instituting or prosecuting any action, suit or proceeding or from levying any attachment or execution or other process * * * against any property or assets of said respondent corporation, wheresoever situated, without the consent of this court obtained after reasonable notice to petitioner".

Said order further provided that the Insurance Commissioner as Conservator prepare a rehabilitation and reinsurance plan or agreement concerning the Old Company, subject to the approval of the court, which shall: "fairly and equitably protect and adjust the rights, obligations and liabilities of all persons concerned herein, and which shall provide for the removal of the causes and conditions which have made this proceeding necessary."

On September 25, 1936, the said Insurance Commissioner as Conservator of the Old Company filed in the said Superior Court of Los Angeles County a "Petition for Approval of Rehabilitation and Reinsurance Agreement". A copy of said petition is appended to the answers as Exhibit D thereof. Upon the filing of said petition, the said Superior Court of Los Angeles County signed and issued an order to show cause dated September 25, 1936. A copy of said order to show cause is appended to the answers as Exhibit E.

Said order to show cause of September 25, 1936 ordered the Old and New Companies and "all persons interested or claiming to be interested herein either as policy holders or stockholders" of the Old Company, or otherwise, to appear on October 19, 1936, to show cause, if any they or any of them have, why the said court should not: (a) ratify the acts of the Conservator in forming the New Company and purchasing its capital stock; (b) ratify the transfer theretofore made of the assets of the Old Company to the New Company; (c) ratify the Rehabilitation and Reinsurance Agreement, with such amendments as may be proposed prior to or at the hearing, proposed to be executed between the Conservator and the New Company, and authorize the Conservator to execute and enter into said Agreement; (d) authorize and direct the Conservator to transfer and assign to the New Company all of the assets of the Old Company, excepting the capital stock of the New Company and rights or claims of the Old Company as specified; (e) authorize and direct the Conservator to perform and carry out said Rehabilitation and Reinsurance Agreement; (f) reserve and retain jurisdiction of the proceedings for the purpose of doing any other act or making any other order, etc., in respect to said Agreement; (g) ratify all the acts of the Conservator; (h) ratify an order entered by the court on August 17, 1936.

Said order to show cause expressly provided that notice thereof was to be given as follows:

(a) "By mailing, not later than October 3, 1936, by first-class mail, postage fully prepaid, to the Insurance Commissioner, or equivalent official, of each State and Territory of the United States in which said The Pacific Mutual Life Insurance Company of

California did business on July 22, 1936, and of the District of Columbia, a copy of the within Order to Show Cause, together with a copy of said Rehabilitation and Reinsurance Agreement;"

(b) "By mailing, not later than October 3rd, 1936, to each policyholder and stockholder of The Pacific Mutual Life Insurance Company of California appearing as such on the books and records of said company on July 22, 1936, a notice of the time, date, place and purpose of the hearing on the within Order to Show Cause * * *".

Plaintiff admits that notice of the time, date, and place of the hearing on said order to show cause was given in the manner and within the time ordered and prescribed therein.

The petition for approval of the Rehabilitation and Reinsurance Agreement came on to be heard October 19, 1936 in accordance with the said order to show cause, and the hearing was continued in progress from day to day thereafter to and including December 3, 1936. At this hearing numerous "non-can" policy holders appeared and were represented by attorneys. After said hearing, the Superior Court of Los Angeles County duly made and entered, on December 4, 1936, an order approving the Rehabilitation and Reinsurance Agreement, a copy of which order is attached to the answers and marked Exhibit H. Said order adjudged and decreed, among other things, as follows:

(a) That due notice of the hearing and reasonable opportunity to be heard had been given to all interested parties and, "that all persons interested in respondent corporation, its properties, assets, or estate have been given and have had a right and reasonable opportunity to appear and be heard upon the question of the fairness, justice, equity, feasibility, and propriety of said proposed Rehabilitation and Reinsurance Agreement and the plan embodied therein, and upon all phases of these proceedings, and upon each, all and every, the matters and things herein adjudicated."

(b) That the execution of the Rehabilitation and Reinsurance Agreement proposed by the Insurance Commissioner be approved.

(c) That all policy holders, creditors, stockholders and all other persons interested in the Old Company, "have been given proper and adequate notice of the hearing on the petition pursuant to which this Order is entered, and adequate opportunity to be heard hereon and herein; and they are, and each of them is, bound by all proceedings taken herein, and more particularly by the terms of this Order."

(d) That the said Rehabilitation and Reinsurance Agreement makes adequate provision for every class of policy holders; that it does not discriminate unfairly or illegally in favor of any class of policy holders or other person; that it fairly and equitably protects and adjusts the rights, obligations and liabilities of all persons concerned; and that adequate provision is made for the removal of the causes which made the proceedings necessary.

(e) That on July 22, 1936, the Old Company was insolvent within the meaning of the Insurance Code of California, and in such condition that the further transaction of business by it would have been hazardous to its policy holders, its creditors and the public.

(f) That the Rehabilitation and Reinsurance Agreement was designed to preserve and conserve the tangible assets of the Old Company which would be lost upon the sale of the assets on a basis other than a "going concern" basis.

(g) That the plan embodied in the Rehabilitation and Reinsurance Agreement is feasible, fair, just and equitable, and said Rehabilitation and Reinsurance Agreement affords "a feasible method of providing, within a reasonable time, full restoration of the benefits under the Non-Cancellable Income Policies of respondent corporation to the extent that the payment of such benefits is not initially assumed by the New Company, as described in said Rehabilitation and Reinsurance Agreement."

(h) That the acts of the Insurance Commissioner as Conservator in organizing and acquiring capital stock of the New Company and in transferring to it $3,000,000 out of the assets in his hands as Conservator be ratified, confirmed and approved.

(i) That the Insurance Commissioner be authorized and directed to execute and enter into the Rehabilitation and Reinsurance Agreement and transfer and assign to the New Company, in consideration of its execution of said Rehabilitation and Reinsurance Agreement, upon the terms therein contained, all the assets of the Old Company excepting the capital stock of the New Company and other claims specified.

(j) The Insurance Commissioner and the New Company were authorized to do any and all things necessary or proper to carry

into effect the terms of the Rehabilitation and Reinsurance Agreement and to effectuate its purposes in the State of California or elsewhere.

(k) "That all persons, firms, and corporations be and they are hereby forever barred and enjoined from making hereafter any complaint in respect of the said Rehabilitation and Reinsurance Agreement, or any provision or provisions thereof, except as in said Agreement specifically permitted or by appeal from this Order; and the prosecution by any person, firm, or corporation of any proceeding or proceedings of whatsoever kind or nature, for the purpose of attacking this order, or any conveyance or transfer made pursuant hereto, (other than as permitted by said Rehabilitation and Reinsurance Agreement or by appeal from this Order) or seeking to attach any liability of or on account of respondent corporation to Pacific Mutual Life Insurance Company (except as and to the extent the same may be assumed under the terms of said agreement) * * * be and it is hereby forever enjoined."

Attached to defendants' answers as Exhibit I is a copy of the Rehabilitation and Reinsurance Agreement referred to in said order of December 4, 1936. Pursuant to paragraph 23 of said Agreement, a copy thereof, together with a letter of transmittal, was mailed to the plaintiff and other policy holders of the Old Company on or about December 16, 1936. Plaintiff received a copy of said agreement.

On January 7, 1937, the Insurance Commissioner of California filed an application for an order to liquidate, a copy of which is marked Exhibit K and made a part of the answers. The application recited, among other things, that the Rehabilitation and Reinsurance Agreement (Exhibits I and J) was signed by the parties on December 4, 1936, and became effective on that date. That pursuant thereto he transferred to the New Company all the assets of the Old Company as required by said agreement. Said application then prayed, among other things, that the Insurance Commissioner be directed to liquidate and wind up the business of the company; that July 22, 1936 be fixed as the time for determining the rights and liabilities of the Old Company and of its creditors, policy holders, shareholders and members and all other persons interested in the assets of the Old Company; that all injunctions and restraints be continued in effect; and that he

be directed to publish notice requiring claimants to file claims with him within six months after the first publication of said notice; and that a time and place be fixed for the hearing of the application for order to liquidate.

On January 7, 1937, said Superior Court of Los Angeles County issued an Order to Show Cause and Restraining Order relating to said application. A copy of said Order is appended to the answers as Exhibit L. In and by said Order to Show Cause said court ordered all persons to appear before it on January 18, 1937, for the purpose of showing cause if any they had why the said court should not make the order for liquidation as applied for by the Insurance Commissioner.

On February 2, 1937, after the hearing on said Order to Show Cause of January 7, 1937, said Superior Court of Los Angeles County issued its Order for Liquidation. A copy thereof is appended to the answers of the defendants herein as Exhibit M. In and by said Order, the Insurance Commissioner of California was appointed liquidator of the business of the Old Company and directed to wind up and liquidate its business; title to all the assets of the Old Company, vested in the said Commissioner as Conservator, and the stock of the New Company was vested in the said Commissioner as liquidator of the Old Company; all claimants and other persons were enjoined and restrained from interfering with the winding up and liquidating of the business of the Old Company, and from interfering with the liquidator in the performance of his duties as such; and it was ordered that notice by publication be given to all persons interested in the assets of the Old Company, requiring all claimants against the Old Company to file their claims with the liquidator, together with proper proofs thereof, within six months after the publication of the notice.

Under paragraph 31 of defendants' Request for Admission, it is established that the notice required to be published as provided in paragraph 10 of the Order for Liquidation (Exhibit M) was duly published within the time and in the manner therein prescribed, and all the things required to be done by the Insurance Commissioner in said proceedings were duly performed and done by him as required.

Under paragraph 11 of the Rehabilitation and Reinsurance Agreement (Exhibit I, pp. 7, 8) plaintiff's policy No. 4610787 was as-

sumed by the New Company on a guaranteed basis of 20% of the original monthly indemnity, and plaintiff's policy No. 4639191 was assumed by the New Company on the guaranteed basis of 35% of the original monthly indemnity, and under paragraph 14 of the said Agreement, it was made obligatory upon the New Company to furnish coverage up to 100% of the original monthly indemnity as soon as possible, through the instrumentality of a special fund to be built up as therein stated. Paragraph 17 of the Rehabilitation and Reinsurance Agreement provides for the payment by the New Company of all claims allowed against the Insurance Commissioner as liquidator of the Old Company; and under paragraph 20 of said Agreement, provision is made for the ultimate mutualization of the New Company and the disposition of the stock of the New Company held by the liquidator of the Old Company, in the interests of the policy holders of the New Company.

Paragraph 24 of the said Rehabilitation and Reinsurance Agreement provides:

"Policy holders and policy claimants of the Old Company may elect to accept or reject the reinsurance and assumption hereunder of his policy, contract, or claim at any time within seventy-five (75) days after the entry of the order approving this agreement. The filing with the New Company after the entry of the order of the Court approving the agreement of any claim or proof of loss shall constitute an acceptance of this agreement and a waiver of any right to reject the same. Any policy holder or policy claimant who shall fail to notify the New Company, in writing, of his rejection within said period shall automatically be deemed to have assented to and become bound by this agreement, and entitled to the benefits hereof.

"The filing of a claim with the Liquidator shall unless such claim is withdrawn within seventy-five (75) days after the entry of the order of the Court approving this agreement, be deemed a rejection of such reinsurance and assumption. The New Company may nevertheless, with the consent of the Commissioner, and upon such terms as the New Company in its sole discretion may desire to impose, permit the withdrawal of a rejection whether or not the period for election herein fixed shall have expired, and permit the person so withdrawing his rejection to accept the reinsurance and assumption herein contained.

"Any person electing to accept the reinsurance and assumption herein contained shall thereby be deemed to have entered into a novation with the New Company, and to have released the Old Company from all claims, liabilities, or obligations with respect to his policy or policy claim hereby assumed or reinsured, whether wholly or partially assumed or reinsured."

Plaintiff took no action whatsoever under said paragraph 24 of the Rehabilitation and Reinsurance Agreement and at no time elected to reject the reinsurance and assumption of his policies therein provided for; he failed to notify the Old Company of his rejection within the seventy-five day period referred to in said paragraph 24; and at no time did he file a claim with the liquidator as required by said Rehabilitation and Reinsurance Agreement and by the orders of said Superior Court upon a rejection of the reinsurance and assumption provided for in said agreement.

Paragraph 26 of said agreement provides: "It is understood that the New Company does not assume any liability of any character or description whatsoever of the Old Company except as and to the extent in this agreement expressly provided, and the provisions of this agreement shall be a complete and adequate defense by the New Company to any action, other than an action to enforce the express provisions of this agreement, which may be brought by any policy holders, policy claimants, creditors, or stockholders of the New Company."

Notwithstanding that the foregoing facts are conceded by plaintiff, he contends that he is not bound thereby inasmuch as he was not a resident of California and did not personally appear in said proceedings in the Superior Court of Los Angeles County.

The important question before this Court in these proceedings is: "Are the plaintiff and other non-resident policy holders of the Old Company, who did not appear personally in the proceedings before the Superior Court of Los Angeles County, bound by the proceedings in said California court?"

It is apparent that the proceedings commenced by the Insurance Commissioner of California in the Superior Court of Los Angeles County were necessary for the protection of the policy holders and creditors of the Old Company. In the proceedings in that Court, due notice of all hearings and reasonable opportunities to be heard,

were given to all interested parties, including the plaintiff. The order approving the Rehabilitation and Reinsurance Agreement (Exhibit H), entered in the Superior Court for Los Angeles County on December 4, 1936, ordered and directed that all persons were enjoined from making any complaint in respect to said agreement. A copy of this injunction appears at paragraph (k), page 9 of this opinion [42 F.Supp. 573].

It appears that several "non-can" policy holders of the Old Company duly appealed from the said order of the said Superior Court to the Supreme Court of California. The Supreme Court affirmed the acts of the Insurance Commissioner and the orders of the Superior Court. Carpenter v. Pacific Mutual Life Insurance Company of California, 10 Cal.2d 307, 74 P.2d 761. In its opinion the Supreme Court of California said:

At pages 773, 774 of 74 P.2d: "The proceeding is not one in which another party is prosecuting another party at all. It is simply a proceeding in which the state is invoking its power over a corporate entity permitted by the state to engage in a business vitally affected with the public interest upon condition of continuing compliance with the requirements provided by the state. It is not a controversy between private parties but a proceeding by the state in the interest of the public."

At pages 774, 775 of 74 P.2d: "It is no longer open to question that the business of insurance is affected with a public interest. The state has an important and vital interest in the liquidation or reorganization of such a business. * * * Neither the company nor a policyholder has the inviolate rights that characterize private contracts. The contract of the policyholder is subject to the reasonable exercise of the state's police power."

At page 776 of 74 P.2d: "The company had intangible assets consisting of good will, going concern value, and an extensive agency organization worth several millions of dollars. All these intangible assets would be lost if the old company were liquidated. The old company was powerless to change the existing non-can policies. The contract and due process clauses prohibited the company from making any changes therein. * * * But these prohibitions do not apply to the state acting under its police powers. Obviously, if the agency organization were to be preserved pending court approval of a rehabilitation plan, the business of the old company had to be continued."

At page 778 of 74 P.2d: "It is true that the approved plan treats consenting life policyholders differently from consenting non-can policyholders, but if they dissent they are treated the same—they are allowed and will be paid the amount allowed by law as the measure of damages from the assets of the old company above enumerated."

At page 775 of 74 P.2d: "Section 1057 (page 552) makes the commissioner in all proceedings, under the provisions of the Code, the trustee for the benefit of all creditors and other interested parties."

On writ of certiorari to the Supreme Court of the State of California, the Supreme Court of the United States reviewed the judgment of the California court in the Carpenter case, Id. See Neblett v. Carpenter, Insurance Commissioner, 305 U.S. 297, 59 S.Ct. 170, 83 L.Ed. 182. In affirming the said judgment of the Supreme Court of California, Justice Roberts, speaking for the Supreme Court of the United States, said:

At page 305 of 305 U.S., at page 174 of 59 S.Ct., 83 L.Ed. 182: "The petitioners have no constitutional right to a particular form of remedy. They are not entitled, as against their fellows who prefer to come under the plan and accept its benefits, to force, at their own wish or whim, a liquidation which under the findings will not advantage them and may seriously injure those who accept the benefit of the plan. They are not bound, as were the dissenting creditors in Doty v. Love, 295 U.S. 64, 55 S.Ct. 558, 79 L.Ed. 1303, 96 A.L.R. 1438, to accept the obligation of the new company but are afforded an alternative whereby they will receive damages for breach of their contracts. They have failed to show that the plan takes their property without due process.

"It is not contended that a statutory scheme for the liquidation of an insolvent domestic corporation is per se an impairment of the obligation of the company's contracts. The argument is that the impairment of contract arises from the less favorable terms and conditions of the new noncancelable policies which are to be substituted for the old ones and, in the case of the life policies, by the substitution of a new company as contractor in place of the old, without the consent of the policy holder. This position is bottomed upon the theory that the policy holders are compelled

to accept the new company as insurer on the terms set out in the rehabilitation agreement. As has. been pointed out, they are not so compelled but are given the option of a liquidation which on this record appears as favorable to them as that which would result from the sale of. the assets and pro rata distribution is solution of all resulting claims for breach of outstanding policies."

It is evident, from this opinion, that the California proceedings were not prejudicial to the plaintiff or against public policy. Plaintiff, as all other "non-can" policy holders, had the option of a liquidation which was apparently as favorable to him as that which would result from the sale of the assets of the Old Company with the pro-rata distribution among the policy holders and creditors.

It appears from the record of the proceedings in the California court that several hundred policy holders appeared in person or by counsel in those proceedings, and that there were many interventions on behalf of holders of "non-can" policies who appeared in behalf of themselves and other "non-can" policy holders similarly situated.

Section 382 of the California Code of Civil Procedure provides, among other things, as follows: "When the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impractical to bring them all before the court, one or more may sue or defend for the benefit of all."

The Superior Court of Los Angeles County found, and so decreed, that all policy holders of the Old Company were parties to the proceedings before it by representation or otherwise. Plaintiff has expressly admitted, under paragraph 38 of defendants' request for admission, that plaintiff was represented in said proceedings in the said Superior Court for Los Angeles County by class representation.

The plaintiff's contention that the California proceedings could have no binding effect upon a policy holder who was not served with process in California and did not file an appearance in California, was presented to the Supreme Court of North Carolina in the case of Taylor v. Pacific Mutual Life Insurance Company of California, 214 N.C. 770, 200 S.E. 882. The same question was before the Supreme Court of Illinois in the case of Larson et al v. Pacific Mutual Life Insurance Company of California, 373 Ill. 614, 27 N.E.2d 458. The North Carolina case held that the California proceeding was a class suit and the plaintiff in that action was represented in that proceeding by class representation, and that the order of the California court was binding upon the plaintiff, a resident of North Carolina. The Court said, in part:

200 S.E. at page 886: "'The rule is well established, that where the parties interested are numerous, and the suit is for an object common to them all, some of the body may maintain a bill on behalf of themselves and of the others; and a bill may also be maintained against a portion of a numerous body of defendants, representing a common interest.' Smith v. Swormstedt, 16 How. 288, 301, 14 L.Ed. 942. This doctrine of virtual or class representation has been applied in numerous other cases, among those notably pertinent to the factual situation here, are: Hartford Life Ins. Co. v. Ibs, 237 U.S. 662, 35 S.Ct. 692, 59 L.Ed. 1165, L.R.A.1916A, 765; Hartford Life Ins. Co. v. Barber, 245 U.S. 146, 38 S.Ct. 54, 62 L.Ed. 208; Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673; National Surety Corp. v. Nantz, 262 Ky. 413, 90 S.W.2d 385; Thrower v. Kistler, D.C., 14 F.Supp. 217; City of Detroit v. Detroit United Ry., 226 Mich. 354, 197 N.W. 697.

"We, therefore, hold that on this record plaintiff, being of the class of non-cancellable policy holders, who appeared in the proceeding in the Superior Court of California 'in behalf of themselves and other non-cancellable policy holders, similarly situated', is under the doctrine of virtual or class representation, bound by the orders and decrees entered in that proceeding, and is barred of right to prosecute this action."

In the Illinois case, the plaintiffs, residents of Illinois, were holders of "non-can" policies issued by the Old Company. In this case the court held that plaintiffs were bound by the California proceedings and could not maintain their action in the courts of Illinois. The court found that the doctrine of class representation applied.

It is admitted, under paragraph 1 of the defendants' request for admission, that plaintiff, on December 29, 1936, paid to the New Company the premium which had been due on November 29, 1936, on policy No. 4610787. Plaintiff, after keeping said policy in effect under the Rehabilitation and Reinsurance Agreement, wrote a letter to the agent of the New Company on Decem-

ber 22, 1937, in which he said: "In view of the reduced benefits, I believe this premium is too high, and consequently I am advising you to drop the same."

Due notice of the proceedings in the California court was given to the Insurance Commissioner of Wisconsin. No action was taken by the Wisconsin Commissioner in relation to the insolvency of the Old Company. He was apparently satisfied that the proceedings in the Superior Court of Los Angeles County were in accordance with the public policy of Wisconsin, and that there was no discrimination against any of the policy holders of Wisconsin.

The California proceedings were valid and constitutional; the plaintiff was represented in said proceedings through virtual or class representation, and full faith and credit must and will be given by this Court to the orders and judgment of the said California courts. Hartford Life Insurance Company v. Ibs, 237 U.S. 662, 35 S.Ct. 692, 59 L.Ed. 1165, L.R.A.1916A, 765; Hartford Life Insurance Company v. Barber, 245 U.S. 146, 38 S.Ct. 54, 62 L.Ed 208; Parker v. Stoughton Mill Co., 91 Wis. 174, 64 N.W. 751, 51 Am.St.Rep. 881.

The Court is of the opinion that the plaintiff, as all "non-can" policy holders of the Old Company, was fairly and equitably treated, and that his rights as a policy holder were adequately protected in the proceedings of the Superior Court of Los Angeles County, California, and that plaintiff is bound by said proceedings.

Judgment may be entered dismissing plaintiff's complaint, without costs.