### SPRECKLES SUGAR CO. v. SOUTH ATLANTIC S. S. LINE et al.

No. 483.

District Court, S. D. Georgia, Savannah Division.

March 31, 1943.

715

and delivery in bad. Respondent answered and the pleadings were closed. Later, invoking Admiralty Rule 32B, 28 U.S.C.A. following section 723, respondent obtained an admission as to the genuineness of a bill of lading exhibited under which the shipment moved. Urging that this admission operates to re-open the pleadings a peremptory exception to the libel is now filed by respondent, and it is said the facts alleged, aided by the admission, are insufficient to constitute a cause of action, and that the ship was expressly relieved by the bill of lading from liability of the kind asserted.

The cargo was beet sugar. It moved from San Francisco to a Texas port. The damage alleged is that a large portion of the sacks were mildewed, stained and contaminated by moisture. The bill of lading, after acknowledging receipt of the goods in apparent good condition, on its face recites "Following exception appears on permits: 'Sugar more or less caked upon arrival'", and on its reverse side excuses the ship from liability, if due diligence to make the vessel seaworthy has been exercised, for damage resulting from "water, sea-water, mould, caking, mildew, moisture, wetting".

The first question to be determined is whether the exception is too late, and is therefore waived. The General Admiralty Rules (No. 27) allow either party to except to the sufficiency of the other's pleadings, but do not say when. If further pleadings are ordered of either party, they shall be filed within such time as the court may direct. The Admiralty Rules of this District (Nos. 27 and 28) provide that "the defendant may on the return day of the process and before answering file exceptions to the libel * * * and if overruled the respondent will not be allowed to again except but shall be required to file an answer within such time as may be limited by the court". The better practice is to except before answering though the practice prevails of uniting the exception and the answer in the same pleading.[1] If the exception goes merely to the form, a better reason exists for requiring a prompt assertion of it. If to the merits, and after admissions "for the purpose of the pending action",[2] there is less reason to enforce waiver by priority of pleading. The rules of pleading in admiralty have never

Connerat, Hunter & Cubbedge, of Savannah, Ga. (B. B. Cubbedge, Jr., of Savannah, Ga., of counsel), for libellant.

Lawton & Cunningham, of Savannah, Ga. (A. R. Lawton, Jr., of Savannah, Ga., of counsel), for respondents.

LOVETT, District Judge.

Shipper sues for cargo damage, alleging simply receipt by the ship in good order

[1] Benedict, 6th Ed., Secs. 333, 334, 335, 235.

[2] See General Admiralty Rule 32B (b).

been governed by the strict technicalities of the common law. If this case were at common law in this court, under the Federal Rules of Civil Procedure the questions now raised could be settled in advance of trial on motion for summary judgment.[3] True there is no Admiralty Rule expressly providing for summary judgment on motion where aliunde the pleadings the facts not in issue are made to appear, yet I can see no good reason for the parties to incur the expense and consume the time of taking testimony at distant ports and places if when it is all over we must come back to some simple question of liability under a contract and whatever the evidence the contract will bar a recovery. I, therefore, hold the peremptory exception is now properly before the court for determination.

Libellant avers the sugar was in good condition when received aboard the ship, and says in its brief any language in the lading to the contrary notwithstanding it expects to so prove. Respondent says the presumption of receipt of cargo in good order is overcome by the exception made when taken aboard. That exception is that permits showed "sugar more or less caked upon arrival". What permits and place of arrival are being referred to, *how much sugar was caked*, and how badly it was caked, etc., are left in the dark, undisclosed. If produced in this country, as doubtless it was, the sugar may have been caked from moisture on loading at point of origin or arrival on cars at railroad destination, and conceivably through handling or drying out may have become free of all damage before being loaded on the ship. As to all of these things we are left to conjecture. I think the exception in the bill of lading is too general, standing alone, to make the libel subject to dismissal.

The final question is, Does the contract under which the sugar moved exempt the ship from liability for damage of the sort set up in the libel, in the absence of allegations that the vessel was unseaworthy or was negligent in the carriage of the goods, even if it were established the sugar was received on board the ship in good condition? To put the matter another way, since the bill of lading is now before the court, must the libellant in its pleadings negative the defenses which the ship says the contract puts up as a bar of recovery? The defenses available under the contract are in ultimate effect about the same as those afforded under Section 3 of the Harter Act[4] without an express contract. It seems clear to me that where one assumes the obligation of a common carrier, as here, he can relieve himself of liability for failing to transport and deliver safely only by showing that the cause of the loss was within one of the limited exceptions which the law in the one case or the contract in the other allows him as a defense. The burden generally rests upon the carrier to show that the loss was due to an excepted cause and that he has exercised due care to avoid it. See Commercial Molasses Corp. v. New York Tank Barge Corp., 314 U.S. 104, 109, 62 S.Ct. 156, 86 L.Ed. 89, and cases cited.[5] The burden there resting, I see no reason why the shipper should negative the defense by way of anticipation in his pleadings. Rather I think the evidence should be heard to the end that we discover, if we can, whether the carrier used due diligence to make the vessel seaworthy; if he did not, was unseaworthiness the cause of the damage; or was the damage due to other causes not brought about by the negligence of the carrier. It must be remembered that the ad-

---

3 See Rules 56, 36 (a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Walsh v. Connecticut Mutual, etc., Co., D.C., 26 F.Supp. 566 (11), 573; Meikle v. Timken-Detroit Axle Co., D.C., 44 F.Supp. 460; Padway v. Pacific Mutual, etc., Co., D.C., 42 F.Supp. 569.

4 46 U.S.C.A. § 192. Inherent quality or vice of sugar to absorb moisture seems to constitute a large part of the defense.

5 See, also, Clark v. Barnwell, 12 How. 272, 13 L.Ed. 985; The Wildcroft, 201 U.S. 378, 386, 26 S.Ct. 467, 50 L.Ed. 794; The Folmina, 212 U.S. 354, 29 S.Ct. 363, 53 L.Ed. 546, 15 Ann.Cas. 748;

Schnell v. The Vallescura, 293 U.S. 296, 303, 55 S.Ct. 194, 79 L.Ed. 373; Compania Naviera v. Sporl, 5 Cir., 11 F.2d 777; The Hellig Olav, 2 Cir., 282 F. 534; The Africa Maru, 2 Cir., 54 F.2d 265(2), 266, certiorari denied Osaka Shosen Kaisha v. Habicht Braun & Co., 285 U.S. 556, 52 S.Ct. 457, 76 L.Ed. 945; The Point Chico, 5 Cir., 122 F.2d 1; The Westmoreland, 2 Cir., 86 F.2d 96(5), 98; The Asturias, D.C., 40 F.Supp. 168(6), 173; Alexander Eccles & Co. v. Strachan Shipping Co., D.C., 21 F.2d 653(3), 654, 655, reversed on other grounds, 5 Cir., 25 F.2d 361, certiorari denied 278 U.S. 610, 49 S.Ct. 13, 73 L.Ed. 535.

mission of the genuineness of the bill of lading under the Rule for the purpose of the action does not make it a part of the libel; at most, it dispenses with formal proof on trial and the document becomes controlling, so far as valid, of the contractual rights of the parties. If respondent requires more detailed information within the knowledge of libellant as to the nature of the claim, i. e., specifications of negligence, unseaworthiness, etc., to properly defend, doubtless it can be obtained by propounding interrogatories under General Admiralty Rule 31 [6].

---

[6] See The Mexican Prince, D.C., 70 F. 246; The Older, D.C., 36 F.2d 281; Jensen v. Sinclair Nav. Co., D.C., 58 F.2d 407(2).