## THE EXCELLENT.[*]

(*Circuit Court, E. D. Louisiana.* April, 1883.)

STOWAGE.

 Where the great bulk of the cargo of a vessel consisted of iron rails, steel, and tin in boxes, and that is stowed in the bottom of the vessel, the iron rails being stowed first and in block, fore and aft, and locked together, such storage was bad, and increased the labor and strain of the vessel in heavy weather, and the vessel is liable for damages resulting therefrom to other cargo.

Admiralty Appeal.

*Joseph P. Hornor* and *Francis W. Baker*, for libelants.

*E. W. Huntington* and *Horace L. Dufour*, for claimants.

PARDEE, J. The evidence in this case shows that libelants' goods were damaged to the extent claimed in the libel while in the possession of the respondent as carrier. The evidence is equally certain that the damage resulted from the shifting of part of the cargo and water. The shifting of the cargo and the water was caused by the excessive straining and laboring of the ship, though it would seem that the shifting of the boxes of tin plate was directly attributable to bad

*Reported by Joseph P. Hornor Esq., of the New Orleans bar.

stowage. The libelants' evidence shows that the straining and laboring was due largely to the wrong stowage of railroad iron in block in the bottom of the ship. The claimant's evidence tends to show that the cargo was stowed in the usual way for miscellaneous cargo, and that the straining and laboring of the ship was caused by the extremely heavy weather she encountered on the voyage to this port. An analysis of the evidence is not necessary; the preponderance is in favor of the libelants. There is no dispute that the great bulk of the Excellent's cargo was iron and steel and tin, some 1,220 tons, and that this was all stored in the bottom of the ship; the iron rails (some 730 tons) being stowed first in block, fore and aft, and locked together. And there can be no doubt that such storage increased the labor and strain of the ship in the heavy weather encountered during the voyage. The very best claim that can be made from the evidence in favor of claimant is that the whole evidence leaves the matter in doubt as to the real cause of the damage. The loss or damage in this case being established,—and the evidence is clear on that,—the presumption of the law is that it was occasioned by the fault of the carrier, and the burden is on him to show that it was occasioned by a cause for which he is not responsible. The carrier has not shown that the damage was caused solely by the heavy weather, as he claims, or that he was excusable.

A decree should go for the libelants to the same effect as that rendered in the district court, with interest from judicial demand.

In this case I have consulted Stevens on Stowage to advantage.