# THE NITH.

## THOMPSON *et al.* v. THE NITH.

*(Circuit Court, D. Oregon. October 9, 1888.)*

1. SHIPPING—STOWAGE—SALT OVER IRON NEAR MAST.
   It is bad stowage to place salt over iron and anvils, though crates of crockery be placed between them, and to place the salt, iron, and crates within an inch or so of the mast.

2. SAME—LIABILITY OF CARRIER—PERILS OF THE SEA.
   Where the cargo is thus stored, even though a rent in the mast-coat, by which water went into the hold, causing the iron and anvils to rust, was a peril of the sea, the carrier is liable for the injury.

In Admiralty. On appeal from district court, *ante*, 86.

This case was heard on an appeal from the district court. The suit was brought to recover damages for the non-performance of a contract of affreightment concerning a lot of Swedish iron and anvils brought on the bark Nith from Liverpool to Portland. When the goods were discharged at this port they were found to be badly rusted from contact with salt water, and the libelants refused to receive them, and brought this suit for damages. The district court found for the libelants, and gave them a decree for $3,996.18, the value of the goods at this port, with legal interest thereon from the date of arrival, with costs and disbursements. From this decree the claimant appealed.

*Edward N. Deady,* for libelants.

*C. E. S. Wood,* for claimant.

Before SAWYER. Circuit Judge.

SAWYER, J., (*orally*.) Three points are made here by counsel for the claimant and appellant against the findings and decree of the district court: (1) The iron was damaged with rust from contact with sea-water when it was received on board the Nith; (2) the iron and anvils were properly stowed under the salt, with the crates of earthenware between them; and (3) the break in the mast-coat by which the sea-water went into the hold, and caused the iron and anvils to rust, was a peril of the sea, for which the vessel is not liable.

On a careful examination of the evidence in the case, I am satisfied that the iron and anvils were in good condition when shipped on the Nith; that it was not good stowage to place salt over the iron and anvils, as was done in this case, even with the crates of crockery between them, and that it was clearly bad stowage to place the salt, crates, and iron within an inch or so of the mast. Admitting that the rent in the mast-coat was a peril of the sea, had it not been for this bad stowage, no harm would have resulted to the cargo, as the water would have run down the side of the mast to the bottom of the vessel. A peril of the sea does not excuse the carrier from a loss or injury to the goods committed to his care if his own negligence or want of skill has contributed to the result. The cargo, and particularly the salt, should have been dunnaged away from the mast, so the water flowing down the same would not have affected it.

In conclusion, I adopt the findings of the district judge, both of fact and law, for the reasons given in his opinion, to which I can add nothing.

There must be a decree for the libelants accordingly.