## THE ASPASIA.

### STEINWENDER et al. v. THE ASPASIA.

#### (District Court, S. D. New York. January 7, 1897.)

CARRIAGE OF GOODS—SEA PERILS—EXTRAORDINARY WEATHER — DUNNAGE INSUFFICIENT AROUND THE MASTS.

> Upon proof of extraordinary sea perils and of damage to the ship, which was accompanied by considerable damage to cargo in the hold on the side of the vessel: *Held*, on proof of usual good dunnage, that the ship was not liable for such damage; but that the ship was liable for certain damage occasioned to bags stowed about the masts and pump-well, where the evidence showed that there was not the usual and customary amount of dunnage to prevent damage from leaks in heavy weather.

Black & Kneeland, for libelants.
Cowen, Wing, Putnam & Burlingham, for claimants.

BROWN, District Judge. The extraordinary weather met by the ship upon her voyage, and the damage she received from it, sufficiently show that most of the damage sustained by the cargo must be attributed to the excepted perils of the seas. It was the duty, however, of the bark to dunnage the cargo in a manner reasonably sufficient to protect it from what was to be naturally expected, and in accordance with the usages of the port of shipment. For failure to use such reasonable and customary dunnage as would have protected the cargo even from the sea perils actually incurred, the ship remains liable. I think the evidence sufficiently shows a failure of the ship to use reasonable and customary dunnage about the masts and pump-well, where there was some damage to the bags of coffee, which such dunnage would have prevented. The Nith, 36 Fed. 86; The Sloga, 10 Ben. 315, Fed. Cas. No. 12,955. For so much of the damage, the libelants are, I think, entitled to recover. I should fix the amount, if

the evidence was sufficient to enable me to do so, as it must be in any event comparatively small. If the parties do not agree, a reference may be taken upon this item of damage.

The damage to cargo in the other parts of the ship I must find did not arise from any lack of reasonable or customary dunnage, or insufficiency of the ship, but from extraordinary sea perils.

A decree may be entered accordingly.

Affirmed on appeal, March 19, 1897.