## THE MARYLAND.
## FOSTER–WHEELER CORPORATION v. LAMPORT & HOLT LINE, Limited.

District Court, S. D. New York.
Jan. 11, 1937.

Bigham, Englar, Jones & Houston and J. W. R. Zisgen, all of New York City, for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann and Michael F. Whalen, all of New York City, for respondent.

GODDARD, District Judge.

This libel was filed to recover damages to crates of fire brick and bags of fire clay shipped on the steamship Maryland from Baltimore to Buenos Aires in March, 1936.

The libel contains the usual allegations and alleges that the merchandise was delivered on board the Maryland, a common carrier, in good order and condition, and upon arrival at destination was "seriously injured and damaged by breakage." The libel also annexes to it and makes a part of it the bill of lading, which includes, among others, the following provision:

"4. The Company shall not be responsible for delay, loss, damage or default before, during or after loading, transportation or discharge occasioned by any of the following Excepted Causes: * * * any causes beyond the Company's reasonable control; * * * ; by * * * breakage. . * * *"

Respondent has excepted to the libel on the ground that it does not state facts sufficient to constitute a cause of action, particularly, because the "breakage" comes within the exception and the libel alleges no negligence on the part of respondent.

The rule is well established that where the loss falls within an exception contained in the bill of lading, libelant may recover only upon proof that the damage was due to the carrier's negligence. Clark v. Barnwell, 12 How. 272, 13 L.Ed. 985; The Malcolm Baxter, Jr., 277 U.S. 323, 48 S.Ct. 516, 72 L.Ed. 901; The Floridian, 83 F.(2d) 949 (C.C.A.2); The Bencleuch (C.C.A.) 10 F.(2d) 49.

The libelant urges that Schnell v. The Vallescura, 293 U.S. 296, 55 S.Ct. 194, 79 L.Ed. 373 has changed the rule. However, as I read the Vallescura Case, it does not. The substance of what is held in the Vallescura Case on this point appears in the statement of Mr. Justice Stone, 293 U.S. 296, at page 306, 55 S.Ct. 194, 197, 79 L.Ed. 373, where he says,

"Where the state of the proof is such as to show that the damage is due either to an excepted peril or to the carrier's negligent care of the cargo, it is for him to bring himself within the exception or to show that he has not been negligent. The Folmina, supra [212 U.S. 354, 29 S.Ct. 363, 53 L.Ed. 546, 15 Ann.Cas. 748].

"Similarly, the carrier must bear the entire loss where it appears that the injury to cargo is due either to sea peril or negligent stowage, or both, and he fails to show what damage is attributable to sea peril." Cases cited.

See, also, United States v. Los Angeles Soap Co. (The West Cajoot), 83 F.(2d) 875 (C.C.A.9); The City of Khios (D.C.) 16 F.Supp. 923, 1936 A.M.C. 1291.

It may be that the condition of a crate or container upon redelivery to the shipper or other circumstances might be such as to create a presumption or inference that the carrier had been negligent. But the rule is that if the damage falls within a cause excepted by the bill of lading, the shipper must, in order to recover, prove negligence of the carrier. To be in a position to prove negligence, it must be alleged. Alpine Forwarding Co. v. Pennsylvania R. R. Co., 60 F.(2d) 734 (C.C.A.2).

The respondent's exception to the libel is sustained and the libelant is permitted to amend its libel within twenty days.