## THE JOSEPH J. HOCK.

No. 235.

Circuit Court of Appeals, Second Circuit.

Feb. 15, 1937.

Foley & Martin, of New York City (James A. Martin, Christopher E. Heckman, and John R. Stewart, all of New York City, of counsel), for appellant.

Bigham, Englar, Jones & Houston, of New York City (F. Herbert Prem, of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The libelant chartered the respondent's barge to carry a cargo of chemicals from a port in Pennsylvania to a port in Rhode Island. Some of the cargo was damaged by contact with bilge water and some by contact with rain, which came through open hatches while the cargo was being unloaded by the libelant. For the rain-water damage no claim was made; for the bilge-water damage liability of the respondent, a private carrier, was established on a prior appeal. The Joseph J. Hock, 70 F.(2d) 259 (C.C.A.2). Thereafter the case was referred to a commissioner to ascertain and report the damages. The present appeal is from a final decree confirming the commissioner's report and awarding damages in the sum of $11,053.90, with interest thereon from July 1, 1931, plus costs.

Of the damaged cargo, comprising 960 barrels and 40 kegs, all except 10 barrels was sold by the libelant in one lot and for a lump sum of $2,600. The District Court found that 831 of these barrels were damaged by bilge water and sustained no damage from rain. The respondent was charged with the full sound market value of 821 barrels and with 38.4 per cent. of the sound market value of 10 slightly damaged barrels; and no credit whatever was given on account of the $2,600 salvaged by sale of the damaged goods. The appellant contends (1) that the evidence is insufficient to support any award of damages; and (2) that, in any event, the salvage of $2,600 must be credited against the sound value of the barrels with which the respondent has been charged.

■ The first contention rests on the premise that it is impossible on the evidence to distinguish between damage by bilge water and damage by rain. This raises only a question of fact as to which the District Court has found adversely to the appellant. There is enough in the record to sustain the finding. The stains made by bilge water were darker and more uniform than the rain-water stains. Gale, the underwriter's cargo surveyor, first observed on July 3d, before the rains occurred, that the lower ends of some of the barrels stowed in the bottom tier bore dark stains. On July 8th he again went aboard and observed that barrels in a tier above the lower tier showed stains on their tops and sides from rain water. Thereafter, when the cargo had been completely discharged, the stained barrels were segregated on the pier and the contents of representative barrels examined. In his report prepared at the time Gale expressed the opinion that 831 were damaged by bilge water and 169 by rain water. He testified to the same effect. Houston also testified there was no difficulty in distinguishing the two types of stains. The stowage space was sufficient to accommodate 831 barrels in the bottom tier, so it was possible for this number to have been damaged only from below; i. e., by bilge water flooding up from the ceiling. The appellant's theory that when the rain fell it must have reached the barrels in the bottom tier is not necessarily true, if they were covered by a tier above and showed no sign of wetting from the top, as Gale says. His testimony is not adverted to in the commissioner's report, and the statement therein that there was no way to distinguish between bilge-water damage and rain-water damage so that the principle of Schnell v. The Vallescura, 293 U.S. 296, 55 S.Ct. 194, 79 L.Ed. 373, was applicable, we cannot regard as equivalent to an expression that Gale's testimony and report were discredited. In his first opinion (4 F.Supp. 628, 631) on the trial of liability, Judge Inch stated: "That such damage [sea water] can be readily separated from the other water damage is shown by the witness Gale, who has done this very thing." After confirming the commissioner's report, the District Court made specific findings that the 831 barrels damaged by bilge water sustained no additional damage from the rainstorms. That there is enough in the record to sustain these findings has already been pointed out. Schnell v. The Vallescura, supra, has nothing to do with the case.

■■ But we can see no justification for not allowing a credit of the $2,600 received as salvage from sale of the damaged goods. The damaged barrels for which the respondent was liable were identified by the character of the stains and certainly could have been kept separate and sold as a separate lot. The libelant was bound to mitigate its damages by the salvage value of these goods. By lumping with them the barrels and kegs damaged by rain water, the libelant has made it impossible to show to what

goods the salvage is attributable. In such circumstances we think the doctrine of wrongful confusion of goods supplies an appropriate analogy. See The Idaho, 93 U.S. 575, 585, 23 L.Ed. 978; Sutherland, Damages (4th Ed.) § 101. Accordingly, the decree will be modified to allow the respondent credit for said sum of $2,600, with interest thereon, and, so modified, will be affirmed, with costs of this appeal to the appellant.