Nestle's Milk Products, Inc., Respondent, *v.* Luckenbach Steamship Company, Inc., Appellant.

First Department, June 11, 1937.

*L. deGrove Potter* of counsel [*William H. Postner* with him on the brief; *Kirlin, Campbell, Hickox, Keating & McGrann,* attorneys], for the appellant.

*G. Noyes Slayton* of counsel [*Mortimer L. Shuford,* attorney], for the respondent.

Untermyer, J. The action is to recover for alleged damage to a shipment of canned milk, packed in cartons, carried from Portland, Ore., to New York city on the defendant's steamship *Andrea F. Luckenbach* in November, 1933. The bill of lading under which the merchandise was shipped contains exceptions which, among others, exempt the carrier from liability for damage caused by

dampness, discoloration, rust or sweat. By the bill of lading it is admitted that the packages were received at Portland in apparent good condition. They were delivered at New York, as the plaintiff's proof would tend to show, damaged by dampness, stain and rust. The trial court granted the defendant's motion to dismiss the complaint at the conclusion of the entire case apparently upon the ground that negligence on the part of the defendant had not been established, and that without proof of negligence the plaintiff could not recover. The Appellate Term reversed, upon the authority of *Schnell* v. *The Vallescura* (293 U. S. 296), holding that the defendant had the burden of establishing that the damage occurred from a peril for which it was not liable, and that the sufficiency of the evidence in that respect was for the jury.

Although the respondent contends that negligence on the part of defendant was shown, we are unable to find such evidence in the record. It is true that the hatches appear not to have been lifted during the voyage and that certain ventilators were not in operation. But the uncontradicted proof establishes that the vessel was equipped with an adequate blower system which the plaintiff did not attempt to prove not to have been in operation throughout the voyage. Indeed, the record strongly suggests otherwise.

In the absence of proof of negligence, the plaintiff cannot recover for a loss which falls within the exception in the bill of lading. This is the rule long established in this State (*Lamb* v. *Camden and Amboy R. R. & T. Co.*, 46 N. Y. 271; *Cochran* v. *Dinsmore*, 49 id. 249; *Whitworth* v. *Erie R. R. Co.*, 87 id. 413; *Austin Nichols & Co., Inc.*, v. *Compania Trasatlantica*, 218 App. Div. 660; affd., 245 N. Y. 624) as well as in the courts of the United States (*Clark* v. *Barnwell*, 12 How. [U. S.] 272; *Transportation Co.* v. *Downer*, 11 Wall. 129; *The Victory & The Plymothian*, 168 U. S. 410; *Cau* v. *Texas & Pacific R. Co.*, 194 id. 427; *The Malcolm Baxter, Jr.*, 277 id. 323). We think that rule, attested by so many concurring and authoritative opinions, was not changed by the decision in *Schnell* v. *The Vallescura* (*supra*). In that case a shipment of onions received in sound condition was delivered decayed. The bill of lading contained an exception relating to decay. Part of the decay was due to the carrier's negligence and part to other causes, but the carrier failed to establish the extent of the damage attributable to causes other than its own negligence. In the absence of such proof it was held that the carrier was liable for all the damage, because, negligence having been shown, the carrier was under the necessity of establishing how much of the damage was not due to its fault. This did not affect the question of the carrier's liability in the absence of negligence nor the burden of proof to

establish it. Several decisions in the Federal courts have so construed the decision in the *Vallescura* case. (*The Maryland,* [1937] A. M. C. 157; *The Glasgow Maru,* [1937] Id. 625; *Lichtman & Sons* v. *Dollar Steamship Lines,* [1936] Id. 306.) The question is not affected by paragraph (q) of subdivision (2) of section 1304 of title 46 of the United States Code, effective July 15, 1936, the present action having been tried and judgment entered in February, 1935. (*Matter of Berkovitz* v. *Arbib & Houlberg, Inc.,* 230 N. Y. 261.)

The determination of the Appellate Term should be reversed, with costs in this court and in the Appellate Term, and the judgment of the Municipal Court affirmed.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Determination unanimously reversed, with costs in this court and in the Appellate Term, and the judgment of the Municipal Court affirmed.