SILVER LINING, INC., A NEW YORK CORPORATION, PLAINTIFF, v. BENJAMIN P. SHEIN, *ET AL.*, DEFENDANTS.

Mercer County Court
Law Division

Decided March 7, 1955.

*Mr. Morris Halpern,* attorney for the plaintiff.

*Messrs. Kahn & Schildkraut (Mr. Nathan Schildkraut,* appearing), attorneys for the defendants.

BENNETT, J. C. C. Plaintiff, consignee-shipper, sues defendants, common carrier, in two counts for damages to merchandise transported by defendants, the first being framed in contract on the bill of lading issued with no exceptions noted, and the second being cast in appropriate allegations of negligence. Defendants responded with a general denial and, *inter alia,* with a separate defense to the effect that the goods were delivered in the same condition as received by it. The pretrial order recited that defendants would contend that the goods were received in a damaged condition and were delivered to plaintiff in the same condition. Prior to trial plaintiff abandoned the second count which alleged negligence, and suit proceeded on the claim of non-performance under the terms of the bill of lading. Defendants offered testimony to show that the goods were damaged when received, but offered no testimony to show how the goods were handled in transit, and no testimony to show that the goods were delivered to plaintiff in the same condition as received. Also, defendants offered testimony to explain the failure of the truck driver to note exceptions with respect to damage on the bill of lading—ignorance due to temporary assignment of driver from another department due to a labor strike. Plaintiff

offered testimony which at best would detract from the extent of damage claimed by defendants, together with vague particles of testimony suggesting the merchandise was damaged while in the custody of defendants. The court, over objection of the defendants, included an instruction to the jury that if it should find there were some damages prior to shipment and additional damages while the goods were in the custody of the defendants, and if there were no evidence as to what damage was attributable to each, then it should find for the plaintiff for the entire damages. Prior to the return of a money verdict against the defendants the jury inquired: "Are they entitled to a partial award if we feel damage occurred in both places? "Can we settle the amount?" The court before verdict renewed its instruction with respect to the burden on defendants to apportion damages. Defendants now move for a new trial for several reasons, but the main attack is directed to this aspect of the court's instructions.

Defendants argue that segregation of damages by a carrier as set forth in *Schnell v. The Vallescura, 293 U. S. 296, 55 S. Ct. 194, 79 L. Ed. 373* (1934), and incorporated in the court's instructions, is not applicable to transportation by motor carriers, and since they *proved* damage to the merchandise on receipt such damage was an excepted risk, and the burden, therefore, shifted to the plaintiff, shipper-consignee, to prove negligence of the carrier, but that negligence of the carrier was removed by the withdrawal of count two, and, furthermore, was not proved. In addition, it is argued that plaintiff proceeded on the exclusive theory that no damage occurred during transit, and that any other position constitutes prejudicial surprise.

 Plaintiff *received a clean bill of lading* which substantially affects trial procedure; the burden devolved upon defendants to prove damage on receipt of the goods by it. If that fact were established the court would have no question to raise with the proposition that the shipper must then go forward and prove negligence. Defendants incorrectly assume that negligence was removed from the case by the withdrawal

of count two; it remained in the case under count one, the pretrial order and, indeed, on defendants' separate defense. Defendants, furthermore, incorrectly assume they proved damage was *complete* upon receipt of the goods. This was a jury question, and it may or may not have concluded that the damage was complete. It may have been superimposed with damage during transit, and that possibility is not prejudicially infectious because it was a proper issue under the pleadings regardless of theory. The full burden was upon the defendants to prove to the satisfaction of the jury that the damage to the goods was not caused by them from the time of receipt to the time of delivery, and the verdict indicates this was not done.

The motion for a new trial is denied.