PANHANDLE AND SANTA FE RAILWAY COMPANY, Appellant

v.

TRAUTMANN BROTHERS, Appellee.

No. 13639.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 9, 1960.

Rehearing Denied Dec. 21, 1960.

Wagner, Graham & Graham, Brownsville, for appellant.

Ward & Brown, Corpus Christi, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Trautmann Brothers of Hereford, Texas, Inc., as shipper, against the Panhandle and Santa Fe Railway Company as carrier, in the District Court of Cameron County, Texas, seeking to recover damages arising out of shipments of vegetables. The first count of the petition related to the shipment of a car of lettuce from Hereford, Texas, to Pittsburgh, Pennsylvania. The second count related to the shipment of a car of Honey Dew melons from Lockney, Texas, to New York, New York. The trial was before the court without the intervention of a jury and judgment was rendered in favor of shipper in the sum of $462.50 for damages to the lettuce in transit, plus interest, and in the sum of $188.50 for damages to the Honey Dew melons in transit, plus interest, making a total judgment of $795.93, from which judgment the Panhandle and Santa Fe Railway Company has prosecuted this appeal. The appellant requested and the trial judge made separate findings of fact and conclusions of law as to the lettuce and as to the melons. These findings, if supported by the evidence, were sufficient bases for the amount of the judgment rendered. By its Points Two and Three, appellant

presents the contention that these findings were not supported by the evidence.

There is no contention here that the produce was unreasonably delayed in transit, but, on the contrary, the evidence shows that it was timely delivered at destination. The evidence is sufficient to show that the produce was in good condition when received by the carrier, and was in bad condition when delivered to the consignee at destination. This testimony made out a prima facie case for plaintiff and defendant undertook to relieve itself from liability by attempting to show that the vegetables were transported and cared for in keeping with the instructions of plaintiff, especially as to icing and re-icing the cars in transit. The witnesses who testified for carrier that the shipper's instructions were carried out, and that the cars were iced and re-iced in keeping with the orders of shipper, testified largely from hearsay. They produced in evidence no records, or insufficient records, to support their testimony. Under such circumstances the trial judge, who was the trier of facts, gave greater weight to the evidence introduced by the shipper than to the testimony introduced by the carrier, and made findings in keeping with shipper's testimony.

When the shipper introduced evidence showing that the vegetables were received in good condition by carrier at the point of shipment, but were in bad condition when delivered to the consignee at destination, plaintiff made out a prima facie case for damages and was entitled to recover, unless the carrier could secure findings that the damage to the vegetables was not due to any neglect on the part of the carrier, but, on the contrary, was the result of an act of God or public enemy, or was due to the inherent nature of the commodities. Cincinnati, N. O. & T. P. R. Co. v. Rankin, 241 U.S. 319, 36 S.Ct. 555, 60 L.Ed. 1022; Compania de Vapores Insco, S. A. v. Missouri Pacific R. Co., 5 Cir., 232 F.2d 657; The Vallescura, 293 U.S. 296, 55 S.Ct. 194, 79 L.Ed. 373; Thompson v. San Pat Vegetable Co., Tex.Civ.App., 207 S.W.2d 195; Rio Grande & E. P. Ry. Co. v. T. A. Austin & Co., Tex.Civ.App., 12 S.W. 2d 1070.

The fact that the trial court found upon sufficient evidence in favor of the shipper and against the carrier settles all questions where the evidence was in conflict. The fact that the carrier introduced evidence to contradict testimony given on behalf of the shipper is of no moment here. The trial judge resolved such conflicts in favor of the shipper.

Appellant's Points Five and Six raise the question that the evidence was insufficient to support the amount of damages found by the trial court. There was sufficient evidence to support the findings of the trial judge upon the amount of damages, and, in fact, the evidence would have supported findings for a sum greater than that found by the trial court.

Appellant's Points One and Two present the contention that the trial court erred in failing to apply the rule that a carrier exonerates itself from liability upon a showing that it and its connecting carriers complied with the instructions of the shipper and the damage complained of was due to the inherent nature of the commodities and to the fault of the shipper; and in not recognizing "that a carrier transporting perishable commodities can exonerate itself from liability upon a showing that it abided by the shipper's instructions and further exercised reasonable care for the protection of the perishable commodity." In our opinion, the record does not disclose whether or not the trial judge recognized these principles, and we therefore feel that these points presented nothing that is before us on this appeal and overrule such contentions.

The judgment of the trial court is affirmed.