**WILBUR–ELLIS COMPANY, a California corporation, Plaintiff-Appellant,**

v.

**The M/V CAPTAYANNIS "S", her engines, tackle, apparel and furniture, et al., Defendants-Appellees.**

No. 25332.

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1971.

Certiorari Denied Feb. 22, 1972.
See 92 S.Ct. 962.

Kenneth E. Roberts (argued), Ridgway K. Foley, Jr., of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, Or., for plaintiff-appellant.

John R. Brooke (argued), of Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for defendants-appellees.

Before WRIGHT and CHOY, Circuit Judges, and POWELL, District Judge.*

PER CURIAM:

■ This admiralty action is to recover the value of cargo lost by reason of the stranding of the Greek ship M/V Captayannis at the mouth of the Columbia River. The facts are stated in the district court's opinion appearing in 306 F.Supp. 866 (D.C.Ore.1969). The district court found that the ship was in many respects improperly equipped and incompetently manned, rendering it unseaworthy at the beginning of the voyage.[1] Despite this finding the court entered judgment for the defendant shipowner, finding that the sole and proximate cause of the ship's stranding was the master's negligent decision to proceed across the Columbia River bar in a storm without a pilot. Where the loss is due to navigational error the shipowner is exonerated from liability.[2]

■ Appellant advances several arguments in asking reversal of the decision of the district court. Appellant relies on Matson Navigation Co. v. Pope & Talbot, 149 F.2d 295 (9 Cir. 1945) as defining the extent of the appellate review allowed to this court on such an appeal as this:

"The rule in admiralty cases is that, although an appeal opens the case for a trial de novo, findings of fact are entitled to great weight but such rule is modified where the findings are based wholly upon depositions." (149 F.2d 295, at 298).

While it is true that this case was submitted almost entirely on depositions and exhibits a review of the record persuades this court that the decision below is not clearly erroneous.

■ Appellant further contends that where no contrary evidence exists the shipowner is conclusively bound by the master's admissions; in this case that he neared the Columbia River bar solely to look for the pilot vessel. The contention appears to be contrary to the rule. Judicial admissions of the master are only evidentiary and may be discredited or disbelieved by the trier of fact. See: Cox v. Esso Shipping Company, 247 F.2d 629 (5 Cir. 1957); The Monarch of Nassau, 155 F.2d 48 (5 Cir. 1946); The W. Talbot Dodge, 15 F.2d 459, 460 (S.D. N.Y.1926).

A rule making such admissions conclusive would appear to invite collusion and would also place an undue premium on self-serving testimony.

■ In support of its argument plaintiff contends that the district court erred in disbelieving the uncontroverted testimony of the master as to why he proceeded into the mouth of the Columbia River. Quock Ting v. United States, 140 U.S. 417, 420–421, 11 S.Ct. 733, 35 L.Ed. 501 (1891), held that the court is not bound to accept uncontroverted testimony at face value if it is improbable, unreasonable or otherwise questionable.

For the above reasons, and those appearing in the opinion of the Honorable William T. Beeks in 306 F.Supp. 866 (D.C.Ore.1969), judgment for the defendant is affirmed.

---

* The Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

1. 46 U.S.C. § 1303(1) (a), (b), Carriage of Goods by Sea Act.

2. 46 U.S.C. § 1304(2) (a), Carriage of Goods by Sea Act:
   "(2) Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from—
   (a) Act, neglect, or default of the master, mariner, pilot, or the servants of the carrier in the navigation or in the management of the ship;"