**BUNGE CORPORATION, Plaintiff,**

v.

**REPUBLIC OF the UNITED STATES OF BRAZIL, trading under the name and style of Loide Brasileiro and the SS OMNIUM CARRIER, Defendant.**

Civ. A. No. 68–437.

United States District Court,
E. D. Louisiana.

Dec. 27, 1972.

---

10.   375 U.S. 411, 419, 84 S.Ct. 461, 466, 11 L.Ed.2d 440 (1964).

Rene S. Paysse, Leach, Grossel-Rossi & Paysse, New Orleans, La., for plaintiff.

Thomas B. Wheeler, New Orleans, La., for defendant.

CASSIBRY, District Judge:

Trial of this case was submitted on briefs and documents and involved only the question of liability *vel non* of the defendant, C. N. Lloyd Brasileiro, and the court after having considered the evidence and briefs herein, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

### 1.

Substituted plaintiff,[1] Sulphur Export Corporation, was the owner and shipper of consignments of crude sulphur in bulk shipped from Beaumont, Texas to Santos, Brazil aboard the SS OMNIUM CARRIER, which arrived at Santos on March 3, 1967, damaged to some extent by fuel oil.

### 2.

Defendant, C. N. Lloyd Brasileiro, was party to a voyage charter party entered into between Omnium Transportation Company, the owners of the SS OMNIUM CARRIER, and Navico A. G. and C. N. Lloyd Brasileiro, as charterers.

### 3.

Clean bills of lading were issued at the port of shipment to Sulphur Export Corporation in which C. N. Lloyd Brasileiro and Navico A. G. were named as charterers and the charter party was incorporated therein.

### 4.

Article 41 of the charter party states: "The following clauses, as attached hereto, to be fully incorporated in this charter party: U. S. Clause Paramount, . . ."

### 5.

Defendant seeks to exculpate itself from any liability for the cargo damage under the charter party by relying on Article 38 which states that "Although named as Charterers herein, it is agreed that Lloyd Brasileiro has no responsibility of any nature under this charter party."

## CONCLUSIONS OF LAW

### 1.

Plaintiff has proved a prima facie case of liability against C. N. Lloyd Brasileiro, as a carrier, since clean bills of lading were issued at the port of shipment acknowledging receipt of the cargo in good order and condition and the cargo was found damaged by fuel oil upon arrival of the vessel at the port of discharge.[2]

### 2.

■ Inasmuch as the Carriage of Goods by Sea Act of 1936 [3] was made applicable to, and incorporated into, the charter party, by Clause Paramount, which charter party was in turn incorporated into the bills of lading, this Act governed the transportation of the cargo *vis-a-vis* plaintiff and defendant, C. N. Lloyd Brasileiro.

### 3.

■ By the incorporation into the charter of the Carriage of Goods by Sea

1. Suit was originally filed in the name of Bunge Corporation but Sulphur Export Corporation was later substituted as the proper party plaintiff.

2. The Vallescura, 293 U.S. 296, 55 S.Ct. 194, 79 L.Ed. 373, 1934 AMC 1579; Ionian Pioneer, 236 F.2d 78, 1956 AMC 1750 (CA5); Shickshinny, 227 F.2d 348, 1955 AMC 2171 (CA2); Great Atlantic & Pacific Tea Co. v. Lloyd Brasileiro, 159 F.2d 661, 1947 AMC 306 (CA2); Orient Ins. Co. v. Flota Mercante del Estado, 102 F.Supp. 729 (EDLa.–1951), aff'd 198 F.2d 740 (CA5–1952).

3. 46 U.S.C.A. §§ 1300–1315.

Act, the parties evidenced an intention that, in the event of a conflict between a provision of the charter and the Carriage of Goods by Sea Act, the Carriage of Goods by Sea Act would prevail. The argument of defendant that the parties to the charter by incorporating a U. S. Clause Paramount intended that the Carriage of Goods by Sea Act would apply only insofar as it was not in conflict with other specific provisions of the charter is not sustainable in my opinion.

### 4.

The Carriage of Goods by Sea Act provides in Section 1303(8), as follows: "Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in this section, or lessening such liability otherwise than as provided in this Act, shall be null and void and of no effect".

### 5.

◼ Quite obviously, there is a conflict between the Carriage of Goods by Sea Act and Article 38 of the Charter Party and where there is such a conflict, the provisions of the Carriage of Goods by Sea prevail and govern the relationships of the parties.[4]

### 6.

Accordingly, Clause 38 of the charter party is a clause which is expressly forbidden by the Carriage of Goods by Sea Act and can thus be given no effect as a defense herein.

Plaintiff is thus entitled to judgment against defendant, C. N. Lloyd Brasileiro, for the damages sustained by its cargo.

In the event the parties have not agreed upon the quantum of damages within sixty (60) days from the entry of this opinion, a Master will be appointed to hear that issue.

4. Cia de Navegacion Fruco, S. A. v. SS HEINZ HORN, 233 F.Supp. 637 (S.D. Ala.1964), aff'd 404 F.2d 422 (CA5, 1968). See also Karobi Lumber Co. v. SS NORCO, 249 F.Supp. 324, 1966 AMC 315 (S.D.Ala.) in which the court held that a lien prohibition clause contained

in a charter party agreement was unenforceable insofar as it attempted to insulate the vessel from liability for negligence in an action brought by a shipper who held a bill of lading which was governed by the Carriage of Goods by Sea Act.