**CALIFORNIA AND HAWAIIAN SUGAR COMPANY, Plaintiff-Appellant,**

v.

**COLUMBIA STEAMSHIP COMPANY, INC., and the S/S COLUMBIA BREWER, her engines, etc., Defendants-Appellees.**

No. 73–1515.

United States Court of Appeals, Fifth Circuit.

March 26, 1975.

Rehearing Denied May 8, 1975.

Henry J. Read, New Orleans, La., for plaintiff-appellant.

Walter Carroll, Jr., New Orleans, La., for defendants-appellees.

Before BROWN, Chief Judge, and AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

Providence was not smiling down on Captain Webb the 25th of June 1970, for his ship, S/S COLUMBIA BREWER, fetched up on a shoal southwest of Old Providence Island in the Caribbean early that morning. Although most of the

cargo was saved, some had to be jettisoned to refloat the ship, some was damaged, and it was all subjected to salvage liens, etc. The District Court held the carrier not liable for cargo loss but the cargo liable for contribution in General Average. California and Hawaiian Sugar Co. v. Columbia Steamship Co., E.D.La., 1972, 391 F.Supp. 894, 1973 A.M.C. 676 [December 29, 1972, No. 70–1910]. Cargo appeals. We affirm.

With an open and shut case of marked negligence "in the navigation or . . management of the ship" which exonerates Carrier, COGSA § 4(2)(a), 46 U.S.C.A. § 1304(2)(a). Cargo asserted a breach of Carrier's COGSA § 3(1), 46 U.S.C.A. § 1303(1) obligation "to exercise due diligence to—(a) Make the ship shipworthy; [and] (b) Properly man, equip, and supply the ship . . ." before and at the beginning of the voyage.

Unseaworthiness in four particulars was claimed: (i) several disconnected gyro-compass repeaters and inadequate radar equipment, (ii) a malfunctioning fathometer, (iii) failure to have readily available in the chart room H.O. Pub. No. 20 (sailing directions), and (iv) most important, failure to have on board H.O. Chart 1372, of much larger scale (1:72,-636) than H.O. Chart 945 (1:952,800) then aboard.

After an extended trial the District Judge in a detailed 40 page opinion reached two significant conclusions. First, he found that the vessel was not unseaworthy in any of these respects. Second, and more important, he concluded that "the stranding of the Columbia Brewer . . . was due, not to a failure to supply the vessel with appropriate charts or to the malfunction of any of the vessel's navigational equipment, but to the failure of the master, Captain Webb, to make proper use. of the information available to him and to make reasonable course corrections when he discovered that his vessel was to the southeast of the island which he intended to pass on the southwest." 391 F.Supp. at 909, 1973 A.M.C. at 696. In short, unseaworthiness neither caused nor contributed to cause damage to cargo.

To the extent that the findings are findings of fact they are well above the Plimsoll Line of F.R.Civ.P. 52(a). Theodories v. Hercules Navigation Co., 5 Cir., 1971, 448 F.2d 701; cf. Cook & Nichol, Inc. v. Plimsoll Club, 5 Cir., 1971, 451 F.2d 505. To the extent they are conclusions of law or mixed findings of law and fact they are supported by the controlling principles of law over which the parties are in rare harmony.

Inasmuch as Cargo failed to establish to the trial court's satisfaction that unseaworthiness, if it existed, contributed to cause the cargo loss, Carrier is in effect exonerated both by § 4(2)(a) and § 3(1)(a) since, unlike Harter Act, 46 U.S.C.A. § 190 et seq., days when diligence to supply a seaworthy vessel was the price paid for the error-in-navigation exception, The Isis,[1] the Carrier under COGSA is cast only for unseaworthiness which contributes to cause the loss.[2] Hence there is not as contended by Cargo, a Vallescura[3] problem.

We therefore affirm on the basis of the District Court's opinion.

Affirmed.

1. May v. Hamburg-Amerikanische Packetfahrt Aktiengesellschaft, 1933, 290 U.S. 333, 54 S.Ct. 162, 78 L.Ed. 348, 1933 A.M.C. 1565.

2. Horn v. CIA de Navegacion Fruco, S.A., 5 Cir., 1968, 404 F.2d 422, 432, cert. denied, 1969, 394 U.S. 943, 89 S.Ct. 1272, 22 L.Ed.2d 477; Director General of India Supply Mission v. S. S. Maru, 2 Cir., 1972, 459 F.2d 1370, cert. denied, 1973, 409 U.S. 1115, 93 S.Ct. 898, 34 L.Ed.2d 699; Firestone Synthetic Fibers Co. v. M/S Black Heron, 2 Cir., 1963, 324 F.2d 835; Wilbur-Ellis Co. v. M/V Captayannis S, D.Ore., 1969, 306 F.Supp. 866, aff'd., 9 Cir., 1971, 451 F.2d 973, cert. denied, 1972, 405 U.S. 923, 92 S.Ct. 962, 30 L.Ed.2d 794.

3. Schnell v. The Vallescura, 1934, 293 U.S. 296, 55 S.Ct. 194, 79 L.Ed. 373, 1934 A.M.C. 1573.