ALBANY INSURANCE COMPANY,
Plaintiff–Appellant,

v.

M.V. ISTRIAN EXPRESS, her engines, tackle, machinery, appurtenances, etc., in rem, Defendant–Appellee.

No. 93–17085.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 1995.

Memorandum Filed June 22, 1995.

Decided July 25, 1995.

G. Geoffrey Robb, Derby, Cook, Quinby & Tweedt, San Francisco, CA, for plaintiff-appellant.

Keith W. Heard, Burke & Parsons, New York City, for defendant-appellee.

Before: FLOYD R. GIBSON,\* HUG, and
FERGUSON, Circuit Judges.

## ORDER

The memorandum disposition filed June
22, 1995, is redesignated as an authored opinion by Judge Gibson.

## OPINION

FLOYD R. GIBSON, Circuit Judge:

Albany Insurance Company appeals the
district court's grant of summary judgment
in favor of the M.V. Istrian Express in Albany's *in rem* action against the M.V. Istrian
Express for damage to goods sustained in
transport. We reverse.

■ The district court granted the M.V.
Istrian Express' motion for summary judgment because no contract of carriage existed
between the M.V. Istrian Express and Albany's insured/subrogor, Ekland Marketing
Company. In reaching its decision, the district court relied on *Ins. Co. of N. America v.
S.S. American Argosy*, 732 F.2d 299, 302–304
(2d Cir.1984). However, *S.S. American Argosy* is inapposite.

In *S.S. American Argosy*, the cargo in
issue was damaged after it was discharged
from the S.S. American Argosy, the vessel
against which the maritime lien was being
executed. Because the cargo's non-vessel
operating common carrier ("NVOCC") had
issued a bill of lading purporting to provide
carriage through to the cargo's final destination, the subrogated insurer brought an *in
rem* action against the S.S. American Argosy,
claiming that the ship's owners had ratified
the NVOCC bill of lading. The Second Circuit refused to extend the doctrine of ship-ratification where no charter-party relationship exists. *S.S. American Argosy*, 732 F.2d
at 303. In the present case, Albany is proceeding against the vessel which was responsible for the damage to the cargo and whose

time-charterer, Compania SudAmerica de
Vapores ("CSAV"), issued the bill of lading
for the goods in issue.

■ The district court erred in granting
summary judgment to the M.V. Istrian Express based solely on the absence of a contract claim. This Circuit recognizes a maritime tort lien irrespective of contractual obligations. *All Alaskan Seafoods, Inc. v. M.V.
Sea Producer*, 882 F.2d 425, 430 (9th Cir.
1989) (quoting Supreme Court dicta in *The
John G. Stevens*, 170 U.S. 113, 124–25, 18
S.Ct. 544, 548–49, 42 L.Ed. 969 (1898)). A
carrier which receives undamaged goods, but
which delivers damaged goods is subject to
the rule applicable to all bailees and a prima
facie case of liability exists. *Schnell v. The
Vallescura*, 293 U.S. 296, 305, 55 S.Ct. 194,
196, 79 L.Ed. 373 (1934). Albany had only to
demonstrate that the strawberry cuttings
were received by the M.V. Istrian Express in
good condition and delivered in damaged
condition for the burden to shift to the M.V.
Istrian Express to show that the M.V. Istrian
Express, as the carrier, was not responsible
for the damage. *The Vallescura*, 293 U.S. at
305, 55 S.Ct. at 196.

■ In a motion for summary judgment,
the court must review the facts in the light
most favorable to the non-moving party.
*Jesinger v. Nevada Federal Credit Union*, 24
F.3d 1127, 1130 (9th Cir.1994). In its complaint, Albany alleged that the M.V. Istrian
Express "received, in good order and condition, a shipment of 3,904 cartons of Strawberry Rooted Cuttings". Albany also alleged
that the defendants "discharged and delivered said shipment, but not in like good
order and condition as when received". As
Albany offered into evidence copies of bills of
lading issued by CSAV designating the
strawberry rooted cuttings as "clean on
board", Albany fulfilled its burden and created a genuine issue of material fact as to the
cause of the damage to the cuttings prior to
their arrival at their final destination.

The district court erred in granting summary judgment in favor of the M.V. Istrian

---

\* The Honorable Floyd R. Gibson, Senior Judge for
the Eighth Circuit Court of Appeals, sitting by
designation.

Express.  A maritime lien exists for Albany's cause of action which sounds in tort and an *in rem* proceeding is therefore appropriate. WE REVERSE AND REMAND FOR FURTHER PROCEEDINGS.