**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1987-23

RAYMOND BIRT,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted September 24, 2025 – Decided October 29, 2025

Before Judges Gummer and Jacobs.

On appeal from the New Jersey Department of Corrections.

Raymond Birt, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Joseph D. Sams, Deputy Attorney General, on the brief).

PER CURIAM

Raymond Birt, an inmate at New Jersey State Prison (NJSP), appeals from a final administrative action by the Department of Corrections (DOC) denying his claim for reimbursement for damaged property. We affirm.

I.

In November 2018, the assistant superintendent of NJSP granted Birt permission to purchase a word processor. After approximately four years of use, Birt brought the word processor and a monitor to NJSP's property room to be mailed for repairs. The property room inspected the electronics on February 17, 2022, noting no "visible physical damage to the items."

On February 28, 2022, the prison sent a package containing the electronics to Will's Repair Service in Dunkirk, New York. The owner, Robert Will, sent a letter to NJSP property room Sergeant Omar Mendoza dated August 26, 2022, informing him that the devices, which he stated weighed nineteen pounds each, arrived "severely damaged" and it was "obvious these damages occurred during the shipping process." The letter presented a discrepancy in the weight, as NJSP's postage record lists the package at thirty-two pounds, while Will's letter indicated a combined weight of thirty-eight pounds. Will further noted that, in his years of receiving packages from NJSP, this shipment was the first time he had received items in such a severely damaged condition. He explained his

2

company's typical packing procedures, emphasizing the importance of packaging heavy items separately with ample soft material, such as balled-up newspapers, to prevent damage. Nothing in the record indicates what transpired during the nearly six months between the shipment of the electronics and receipt of Will's letter.

On September 21, 2022, Birt submitted a damaged property claim, asserting inadequate packaging by NJSP had led to the loss. He sought reimbursement of $392.08 for the full cost of the word processor and monitor and $19.79 in shipping and packaging expenses. Sergeant Mendoza received an October 6, 2022 letter from Will containing seven photographs of the word processor and monitor "just as they appeared when removed from the single box as they arrived." Will reported the box contained "loose body screws and tiny springs" as well as "deflated padding materials."

On October 12, 2022, after investigating Birt's claim, Sergeant Mendoza concluded the items were sent to Will's shop with no visible damage and that "[a]ny damages must have occurred during shipping." Sergeant Mendoza reported that facility staff maintained the items were "packaged properly."

On November 17, 2022, the NJSP Property Claims Committee (Committee) found no evidence of "negligence [or] fault by the correctional

A-1987-23

facility," and noted care had been taken to prevent property damage, loss, or destruction. The Committee, therefore, denied Birt's claim.

Birt appealed the Committee's decision in December 2022. On October 19, 2023, the DOC moved for remand for further consideration; this court granted the unopposed motion. The Committee re-evaluated Birt's claim, ultimately affirming the denial in a final agency decision issued on December 12, 2023. In a memorandum memorializing its decision, a DOC assistant superintendent referenced Will's statement that the package contained "deflated packing material," interpreting it to mean that the items were properly wrapped with bubble wrap and air pockets, and also referenced Will's observations: "it was obvious these damages occurred during the shipping process" and "I have never before received such severely damaged items from your facility." The memorandum concluded,

> the Committee has determined that evidence shows the Department was not negligent and provided adequate packing material, and it appears the party responsible for the actual shipping and not the packaging is at fault. Therefore, the [C]ommittee is upholding the initial decision that compensation by the Department is denied.

Birt filed a timely appeal.

II.

Our review of an administrative agency's final decision is limited. Kadonsky v. Lee, 452 N.J. Super. 198, 201-02 (App. Div. 2017) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). "We will not reverse an agency's decision unless we find the decision to be 'arbitrary, capricious, or unreasonable, or not supported by substantial credible evidence in the record as a whole.'" Id. at 202 (alteration in original) (quoting Stallworth, 208 N.J. at 194). We are not, however, bound by the "agency's 'interpretation of a statute or its determination of a strictly legal issue.'" Ibid. (quoting L.A. v. Bd. of Educ. of City of Trenton, Mercer Cnty., 221 N.J. 192, 204 (2015)).

Under N.J.A.C. 10A:2-6.1(a), an inmate must file a claim for lost, damaged, or destroyed property with the administrator or designee. Claims are investigated by:

1. Obtaining statements from the inmate, witnesses and correctional facility staff; and
2. Verifying that the inmate was authorized to have and did in fact, possess the personal property named in the claim.
3. Verification of possession of lost, damaged or destroyed personal property may be made by review of applicable documentation such as the IIS-1M Inmate Inventory Sheet maintained by the correctional facility (see N.J.A.C. 10A:1-11).

[N.J.A.C. 10A:2-6.1(b)(1) to (3).]

5

N.J.A.C. 10A:2-6.2(a) mandates the DOC must consider the following nine factors before it makes its recommendation on an inmate's damaged or stolen property claim:

> 1. Whether the investigation revealed any neglect by the correctional facility;
> 2. Whether care was exercised by facility staff preventing property loss, damage or destruction;
> 3. Whether the inmate exercised care in preventing property loss, damage or destruction;
> 4. Whether it has been proven that the inmate was authorized to have and did, in fact, possess the item(s) named in the claim;
> 5. Whether sufficient information has been supplied by the inmate, including proper receipts, witnesses and investigative reports;
> 6. Whether the inmate submitted the claim in a timely manner;
> 7. Whether the loss or damage exceeds authorized amounts of correctional facility personal property limits;
> 8. Whether the personal property is considered contraband; and
> 9. Whether other reviewers recommended denial of the claim and the reasons therefor.
>
> [N.J.A.C. 10A:2-6.2(a).]

On appeal, Birt contends the evidence adduced fails to demonstrate the shipping company was responsible for damage to his property. He asserts the record reflects that the DOC's improper packaging was the proximate cause. He maintains the carrier cannot be found liable where the shipping box showed no

signs of external damage and the alleged mishandling by the carrier was not apparent until after the package was opened. He further argues the DOC, as shipper, bears the burden of establishing that any damage arose due to the carrier's negligence. In support, Birt relies on Schnell v. The Vallescura, 293 U.S. 296 (1934), arguing it places the burden on the shipper for demonstrating negligence by the carrier. He contends the DOC failed to adduce any evidence of negligence on the part of the carrier.

In response, the State maintains the DOC fully considered all applicable N.J.A.C. 10A:2-6.2(a) factors in adjudicating Birt's property claim. The State points to findings that demonstrate NJSP staff thoroughly inspected and appropriately packaged the property prior to shipment, with no indication of physical damage at that time. The State further notes the parcel remained in transit or was held at the repair shop for a period of six months before any damage was reported. Based on this record, the State maintains that the DOC's denial of Birt's property claim was neither arbitrary, capricious, nor unsupported by credible evidence.

Applying the settled standard of review, we are satisfied the DOC's determination is supported by sufficient and credible evidence in the record. The record establishes that Birt's claims were investigated and then

7

reinvestigated. The Committee's decision reflects consideration of Sergeant Mendoza's investigation and the letters from Will, ultimately concluding the DOC was not negligent in packaging Birt's property and that adequate packing materials were provided. The Committee further determined that responsibility for the alleged damage lies with the carrier, not the DOC. That appellant disagrees with the DOC's factual conclusions, or that this court may have reached a different result on the same record, does not constitute grounds for disturbing agency findings. See In re Herrmann, 192 N.J. 19, 28 (2007). The record contains substantial evidence supporting the agency's action. Accordingly, the Committee's decision must be affirmed. See Allstars Auto Group, Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (quoting Stallworth, 208 N.J. at 194).

The case law cited by Birt is inapposite. Prevailing precedent designates the carrier, not the shipper, as the party that bears the burden of proof in establishing the absence of negligence. In The Vallescura, for example, the Supreme Court recognized and endorsed the framework that, "[i]n general[,] the burden rests upon the carrier of goods by sea to bring himself within any exception relieving him from the liability which the law otherwise imposes on him." 293 U.S. at 303. To the extent Birt challenges the Committee's factual

findings, including his reliance on Will's statement that the box contained deflated padding, the Committee appropriately declined to engage in speculation regarding whether the damage occurred during shipping or at the repair shop.

From the record, we are satisfied the DOC followed the steps prescribed by the administrative code. The DOC's denial of Birt's claims was based on reliable, credible evidence from which it drew reasonable inferences. Those inferences were not arbitrary, capricious, or unreasonable.

To the extent we have not considered any of Birt's remaining arguments, we deem them to be without sufficient merit to warrant discussion in a written opinion. Rule 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1987-23